141 U.S. 520
 12 S.Ct. 60
 35 L.Ed. 841
 METROPOLITAN NAT. BANK
v.
CLAGGETT.
 November 9, 1891.
 
 This is a motion to dismiss a writ of error to the supreme court of the state of New York to review its judgment against the plaintiff in error, with which is united a motion to affirm that judgment if the motion to dismiss be denied. The case arose upon a complaint filed in the supreme court of New York June 4, 1886, by the defendant in error and another, as administrators of the goods, chattels, and credits of James H. Paine, deceased, against the plaintiff in error, the Metropolitan National Bank, demanding judgment against the latter for $12,300, and interest from May 21, 1886, that being the aggregate amount due on 84 bank-bills issued by the Metropolitan Bank of New York, for the payment of which it was claimed that the plaintiff in error was liable. The complaint alleged that, at the time of the issue of the bank-bills sued upon, the Metropolitan Bank of New York was a state bank, duly organized and doing banking business under the law of the state of New York, having authority to issue such bills, and to put the same into circulation as money; that from 1858 to 1861 it issued each of the 84 bills therein described, and prior to 1862, for a valuable consideration, delivered the same to James H. Paine, the intestate of the plaintiffs; that the bills thereupon became his property, and remained in his ownership and possession until his death; that the plaintiffs, as administrators of his goods and effects, duly appointed and qualified, having become the owners and holders thereof, presented the same on the 21st of May, 1886, to the Metropolitan National Bank, the plaintiff in error, for payment, which was refused; that on the 14th of March, 1865, pursuant to the act of congress of June 3, 1864, and the act of the legislature of New York of March 9, 1865, the said state bank became and still is a national bank for carrying on the business of banking under the name of the Metropolitan National Bank; and that, by virtue of the laws of the United States and its own voluntary action, the said Metropolitan National Bank, plaintiff in error, received and became vested with all the assets of the Metropolitan Bank of the state, and assumed and became liable to pay its obligations, including the bank-bills described in said complaint.
 Three defenses were set up in the answer to the complaint: (1) A denial that the plaintiff in error had at any time assumed or, by any of its acts, become liable to pay the bills of the Metropolitan Bank of New York, which was a state bank doing business under the laws of the state of New York. (2) That in 1865 plaintiff in error became a national bank under the laws of congress, doing the business of banking, as such, by virtue of the laws of the United States, under the corporate name of the Metropolitan National Bank, and that the Metropolitan Bank of New York (the state bank) went through certain proceedings, under the New York statutes, of notice, publication, and deposit with the superintendent of banking of that state, for the redemption of its circulating bills, on the ground of its closing business, whereby its liability and that of the plaintiff in error on these bills (they not being presented for payment in due time) ceased six years from March 14, 1867. (3) That the cause of action is barred by the statute of limitations of the state of New York.
 The action being at issue upon the pleadings, and having come on for trial before the court without a jury, the parties having expressly waived a jury trial, the court made a finding of facts which substantially accorded with the a verments of the complaint, and rendered judgment in favor of the plaintiff below, the defendant in error herein, for the sum of $12,300, and interest thereon from May 21, 1886, and costs. 4 N. Y. Supp. 115. This judgment was affirmed by the general term of the supreme court of New York, (10 N. Y. Supp. 165,) and subsequently by the court of appeals of New York, (125 N. Y. 729, 26 N. E. Rep. 757.) Hence this writ of error. The defendant now moves to dismiss the writ, on the ground that this court has no jurisdiction to review the judgment of the state court of New York, and that no federal question was raised or decided in the court below, or appears upon the record.
 Leslie W. Russell, for defendant in error.
 [Argument of Counsel from pages 523-525 intentionally omitted]
 Chas. A. Peabody, for plaintiff in error.
 LAMAR, J.
 
 
 1
 The first assignment of error is as follows: 'That the Metropolitan National Bank, the plaintiff in error, which was created under the act of congress entitled 'An act to provide a national currency secured by the pledge of United States bonds, and to provide for the circulation and redemption thereof,' approved June 3, 1864, is held liable to pay the bills described in the complaint, which were made by the Metropolitan Bank, a corporation created under the law of the state of New York, entitled 'An act to authorize the business of banking,' passed April 18, 1838.' The second defense set up in the answer, as we have seen, is that the defendant below (the plaintiff in error) became a national bank under the authority of the act of congress of 1864, entitled 'An act to provide a national currency secured by the pledge of United States bonds, and to provide for the circulation and redemption thereof,' and thereby acquired immunity from liability for the bank-bills issued by the state bank. The court found that the plaintiff in error did become a national bank, doing a banking business under the laws of the United States, but decided that it did not thereby acquire an immunity from liability to pay the bank-bills of the Metropolitan Bank of New York, upon the ground that the proceedings set up in the answer did not terminate the existence of the state bank, but simply effected a continuation of the same body under a changed jurisdiction. In this we think the record presents a claim for federal immunity raised by the plaintiff in error, and denied by the court, which brings the case within the jurisdiction of this court; and upon the authority of McNulta v. Lochridge, 12 Sup. Ct. Rep. 11, (decided at this term of the court,) the motion to dismiss is denied. But, as the record also shows there was color for the motion to dismiss, it is proper that we should proceed to a review of the judgment of the court below.
 
 
 2
 The question we are to consider here is, did the court err in holding that the plaintiff in error was not exonerated from liability either by its becoming a national bank, or by the proceedings for the redemption and retirement of its circulating bills issued while a state bank, which proceedings, it was claimed, were in strict observance of every requirement of the New York statute of 1859 in relation thereto, or by the statute of limitations of the state of New York? The court decided that the New York statute providing for a redemption of circulating notes, and for releasing the bank, if the notes were not presented in six years, applied alone to banks 'closing the business of banking;' that the change or conversion of the Metropolitan Bank into the Metropolitan National Bank did not 'close its business of banking,' nor destroy its identity or its corporate existence, but simply resulted in a continuation of the same body with the same officers and stockholders, the same property, assets, and banking business, under a changed jurisdiction; that it remained one and the same bank, and went on doing business uninterruptedly; and that, therefore, the statutory proceedings relied upon in the answer could not operate as a bar to the liability of either bank to pay the bills delivered by the Metropolitan Bank in 1861 to plaintiffs' intestate. This decision is so manifestly correct that it needs no argument to sustain it. The judgment is therefore affirmed.
 
 
 3
 The Chief Justice and BRADLEY and GRAY, JJ., took no part in the consideration and disposition of this motion.