## John Addison, Jr., v. The State.

### No. 2343.　Decided May 21, 1902.

**1.—Murder—Indictment—Name of Deceased—Variance.**

In an indictment for murder, where the deceased is known as well by one name as another, the indictment can allege either name; and there is no variance.

**2.—Same.**

Deceased, about 60 years of age, was universally known as Helen Pendleton. About 11 o'clock of the night of the murder she became Helen Addison, by virtue of her marriage to appellant, and was killed during the same night. The indictment alleged her name as Helen Pendleton. Held, no variance.

Appeal from the Criminal District Court of Harris. Tried below before Hon. J. K. P. Gillaspie.

Appeal from a conviction of murder in the first degree; penalty, imprisonment for life in the penitentiary.

Appellant was charged by indictment with the murder of Helen Pendleton, on the 16th day of December, 1901, by striking, beating, cutting -and bruising her with an ax.

The parties to the homicide were negroes. The deceased, a short time before the killing, had sold a place she owned for some $700. She and defendant were married at 11 o'clock the night she was killed. On the afternoon of the next day her dead body was found on a bed in the house, her head having been crushed with an ax. Defendant was not seen about the house during the day after the killing.

No brief on file for appellant.

*Rob't A. John,* Assistant Attorney-General, for the State.

HENDERSON, Judge.—Appellant was convicted of murder in the first degree, and his punishment assessed at confinement in the penitentiary for life.

There is no bill of exceptions in the record. The only question raised is as to a variance claimed between the name of the deceased, as alleged in the indictment, and the name proven. The indictment charges the name of the deceased as Helen Pendleton. The proof showed that she had lived a long time, perhaps all her life, in that neighborhood, and was then about 60 years old; her maiden name was Helen Pendleton, by which she was universally known. On the night of the alleged murder, about 11 o'clock, she was married to appellant, John Addison, and the proof tends strongly to show that she was murdered by him on that night between 11 o'clock and daylight, by crushing her skull with an ax, the motive being robbery. The question presented is, that having married on that night her name was eo instanti changed from that of Pendleton to Addison. We understand this to be the general rule. As was said in a former case, there is no law requiring it, but in pursu-

ance of a custom in our country the wife takes the name of the husband. However, in this case all of the witnesses speak of the deceased as Helen Pendleton, although conventionally she may have at 11 o'clock that night assumed the name of her husband; yet she was known almost up to the very time of her death as Helen Pendleton. The witnesses all speak of her by that name. Where a person is known as well by one name as another, the indictment can allege either name, and there is no variance. Carter v. State, 39 Texas Crim. Rep., 345. In this case deceased was known as Helen Pendleton, and we hold that there was no variance between the indictment and the proof. We have examined the record carefully, and the evidence amply supports the conviction. The judgment is affirmed.

*Affirmed.*