## BURKE v. UNITED STATES.
### No. 6516.

Circuit Court of Appeals, Ninth Circuit.
May 16, 1932.

Walter H. Duane, of San Francisco, Cal., for appellant.

George J. Hatfield, U. S. Atty., and Chellis M. Carpenter, Asst. U. S. Atty., both of San Francisco, Cal.

Before WILBUR and SAWTELLE, Circuit Judges, and ST. SURE, District Judge.

WILBUR, Circuit Judge.

Appellant was convicted on the third count of an indictment charging him with embezzling the sum of $2,000 on the 4th day of February, 1927, while he was a teller of the Bank of Italy National Trust & Savings Association. His appeal from the judgment is predicated upon an alleged variance between the allegations and the proof as to the name of the banking corporation whose funds were embezzled.

It appears from the evidence that about the time of the embezzlement the Bank of Italy, a banking corporation organized under the laws of the state of California, was undergoing transition from its status as a state bank to that of a national bank. The organization certificate filed by the bank with the Comptroller of the Currency, Treasury Department, Washington, D. C., was dated the 26th day of February, 1927. The petition recited the facts entitling the bank to become a national bank under the provisions of section 5154 of the Revised Statutes of the United States (12 USCA § 35), and request-

---

ed that the title of the association be known as "Bank of Italy National Trust & Savings Association." The bank had some 277 branches, including a branch bank at 1700 Fillmore street, San Francisco, Cal., where at that time appellant was employed as a teller. March 1, 1927, the Comptroller of the Currency certified that the "Bank of Italy National Trust and Savings Association in the City of San Francisco, in the County of San Francisco and State of California has complied with all the provisions of the Statutes of the United States," and that the Bank of Italy National Trust & Savings Association "is authorized to commence the business of Banking as provided in Section Fifty-one hundred and sixty-nine of the Revised Statutes of the United States, * * * with two hundred and seventy-seven branches all located within the State of California." On the same date, the Acting Comptroller of the Currency made the appropriate certification authorizing the continuation of the branch bank at 1700 Fillmore street, in the city of San Francisco, state of California.

■ It appears that at the time of the embezzlement the banking corporation was a state bank, and the evidence showed that at that time the said bank was a member of the Federal Reserve Bank of San Francisco. This fact gave the federal courts jurisdiction over the offense committed by the appellant, so that the sole question is one of variance between the allegations of the indictment setting forth the name and organization of the bank, as follows: "That at all of the times throughout this indictment mentioned the Bank of Italy National Trust and Savings Association (herein and throughout this indictment called 'said member bank' for brevity) was a body corporate, to wit, a national banking association, organized and existing under and by virtue of the laws of the United States of America, and duly transacting and carrying on the business of banking under said laws at its office and banking house, located at a certain place (hereinafter called 'said place') in the City and County of San Francisco, in the State of California, within said Southern Division; that throughout all of said period said member bank was a member of the Federal Reserve Bank of San Francisco."

The effect of the compliance of the bank with the provisions of the federal law, so far as the question of identity is concerned, was considered by the Supreme Court in Metropolitan Nat. Bank v. Claggett, 141 U. S. 520, 527, 12 S. Ct. 60, 62, 35 L. Ed. 841. There the court stated:

"The court decided * * * that the change or conversion of the Metropolitan Bank into the Metropolitan National Bank did not 'close its business of banking,' nor destroy its identity or its corporate existence, but simply resulted in a continuation of the same body with the same officers and stockholders, the same property, assets, and banking business, under a changed jurisdiction; that it remained one and the same bank, and went on doing business uninterruptedly; and that, therefore, the statutory proceedings relied upon in the answer could not operate as a bar to the liability of either bank to pay the bills delivered by the Metropolitan Bank in 1861 in plaintiffs' intestate.

"This decision is so manifestly correct that it needs no argument to sustain it."

In Michigan Insurance Bank v. Eldred, 143 U. S. 293, 12 S. Ct. 450, 452, 36 L. Ed. 162, a bank which had been organized under the laws of the state of Michigan brought suit in its corporate name, under which it was organized under the laws of the state. The evidence showed that before bringing the suit the corporation had become a national bank in accordance with the National Banking Act of June 3, 1864 (13 Stat. 99), changing and converting it into a national bank with the name of National Insurance Bank of Detroit. The court held that this evidence of the conversion of the bank into a national bank " * * * at most only proved that the plaintiff sued by the wrong name. It showed no more than that the plaintiff corporation, having been originally created by the laws of Michigan, had, in accordance with the national banking act, become a national bank, and its name been changed accordingly, without affecting its identity, or its right to sue upon obligations or liabilities incurred to it by its former name. Act June 3, 1864, c. 106, § 44; 13 St. 112; Rev. St. § 5154; Metropolitan Bank v. Claggett, 141 U. S. 520, 12 S. Ct. 60 [35 L. Ed. 841]; Atlantic Bank v. Harris, 118 Mass. 147; City [Nat.] Bank v. Phelps, 86 N. Y. 484 [Id.], 97 N. Y. 44 [49 Am. Rep. 513]."

■ It appears that after the 1st of March, 1927, the bank in the case at bar was commonly known both as the Bank of Italy and the Bank of Italy National Trust & Savings Association. As stated by the Supreme Court of Nebraska in the case of Larson v. State, 107 Neb. 800, 186 N. W. 981, 983: "If the injured party is known as well by one name as another, he may be designated

in an information by either. 14 R. C. L. 182, § 28; 22 Cyc. 348, 350; State v. Glaze, 9 Ala. 283; Commonwealth v. Trainor, 123 Mass. 414; State v. Davis, 109 N. C. 780, 14 S. E. 55; Bell v. State, 25 Tex. 574. And, since a corporation, as well as an individual, may have, or be known by, more than one name, we see no reason why the same rule should not apply where the injured party is alleged to be a corporation. 1 Clark & Marshall, Corporations (11th Ed.) §§ 51, 52."

In order to establish a fatal variance between the pleading and the proof, it must be such a variance as would tend to mislead the defendant in making his defense or prevent a plea of former jeopardy in the event of a subsequent prosecution for the same offense.

In Bennett v. United States, 227 U. S. 333, 33 S. Ct. 288, 289, 57 L. Ed. 531, affirming (C. C. A.) 194 F. 630, the Supreme Court, speaking through Justice McKenna, said: "The court of appeals rightly disposed of the contention. As the court said, the essential thing in the requirement of correspondence between the allegation of the name of the woman transported and the proof is that the record be in such shape as to inform the defendant of the charge against her and to protect her against another prosecution for the same offense."

There is no possibility that the appellant could have been misled by the allegation with reference to the name and organization of the bank. It was designated in the indictment as the bank by which he had been employed as teller and from which he had embezzled $2,000 while so employed. After March 1, 1927, the bank was commonly known by both the names "Bank of Italy" and "Bank of Italy National Trust and Savings Association"; but at the time of the embezzlement it was known by the name "Bank of Italy."

The situation is somewhat analogous to that involved in the case of Addison v. State, 44 Tex. Cr. R. 80, 68 S. W. 679, 680, 100 Am. St. Rep. 841, where the defendant was charged with murdering a woman who was described in the indictment by her maiden name. It was shown that the defendant married her on the night of the murder and therefore her name at the time of the murder was that she acquired by her marriage. In affirming a conviction, it was said: "Yet she was known almost up to the very time of her death as Helen Pendleton. The witnesses all speak of her by that name. Where a person is known as well by one name as another, the indictment can allege either name, and there is no variance. Carter v. State, 39 Tex. Cr. R. 345, 46 S. W. 236, 48 S. W. 508."

In the case at bar, not only was the bank known by both names after it became a national bank, but the appellant himself, in testifying, failed to discriminate between the name of the bank before and after the 1st of March, 1927, referring to it, both before and after its conversion into a national bank, as the Bank of Italy.

It cannot be seriously contended that appellant was misled by the allegations so as to prevent his presenting his defense, and the bill of exceptions which is part of the record, showing clearly the situation with reference to the corporation from which appellant embezzled the $2,000, would preclude a second prosecution of appellant by the federal government. Bennett v. United States, supra, 227 U. S. 333, 33 S. Ct. 288, 57 L. Ed. 531.

The most that can be claimed for the point raised by appellant is that it is a mere technical error or defect which does not affect a substantial right of appellant, and for that reason, even if there were error, the judgment should be affirmed. Section 269, Judicial Code, 28 USCA § 391.

After the government rested its case, the court permitted the case to be reopened and additional evidence to be introduced on the subject of variance. It is claimed that this was error; but, as it was a matter wholly within the discretion of the court, there is no merit in the contention.

Judgment affirmed.