### JENCKES v. DEITRICK.
#### No. 134.

District Court, D. Massachusetts.
May 4, 1939.

---

---

Marcien Jenckes, pro se, and Choate, Hall & Stewart, all of Boston, Mass., for plaintiff.

Andrew J. Aldridge and Brenton K. Fisk, both of Boston, Mass., for defendant.

Malcolm C. Stewart, of Boston, Mass., for Irvin A. Schloss and John Daniell et al.

BREWSTER, District Judge.

Plaintiff has moved for a summary judgment upon pleadings and affidavits, from which the following undisputed facts appear:

In 1923, the Federal Trust Company, a trust company organized under the laws of Massachusetts, in accordance with the applicable provisions of the National Banking Act (12 U.S.C.A. § 35), became a national bank known as the Federal National Bank. At the time of the conversion the Trust Company held a certificate representing 54 shares of the capital stock of the Utah Copper Company, which was impressed with a trust in favor of Michael Schloss and John Daniell. This asset passed to the National Bank and was held by it still impressed with the trust. Metropolitan National Bank v. Claggett, 141 U. S. 520, 12 S.Ct. 60, 35 L.Ed. 841; Poisson v. Williams, D.C., 15 F.2d 582. A certificate representing said shares was issued in the name of the Federal National Bank, and was in its possession when the Bank went into receivership in December, 1931.

At the time of the appointment of the receiver, the certificate and a cashier's check, dated July 29, 1927, for $5,540.15, representing accumulated dividends on the shares of the Utah Copper Company, were appropriated by the president of the Bank.

The certificate has been finally recovered by the plaintiff and is now in his possession.

The cashier's check was claimed by Daniel C. Mulloney and/or his wife Mabel A. Mulloney, who sought, but failed, to establish a claim thereon in the receivership proceedings. In a suit brought in the State court against the said Daniel C. Mulloney and Mabel A. Mulloney, they were ordered to transfer and deliver to the plaintiff said cashier's check.

Other dividends on Utah Copper Company stock were received by the National Bank and also by the receiver, for which the plaintiff seeks to establish a claim as a general creditor, in the aggregate amount of $8,147.18.

The receiver has in his possession a certificate representing 70.2 shares of the Nevada Consolidated Copper Company, which was distributed as a dividend to holders of the stock of the Utah Copper Company.

In this proceeding, at the request of the defendant, all known parties having any claim to the stock or the dividends have been made parties and have either appeared or defaulted.

The interest of the beneficiaries was represented by certificates issued by the Trust Company. Michael Schloss is deceased, and his certificate has been surrendered to the plaintiff. John Daniell is still living but is unable to locate his certificate.

On January 12, 1938, the plaintiff petitioned the Probate Court for Suffolk County, Massachusetts, under Massachusetts General Laws (Ter.Ed.) ch. 203, for his appointment as trustee to succeed the Federal National Bank of Boston. This petition was assented to by the estate of Michael Schloss, and the beneficiary Daniell was served with notice of the proceeding and did not appear. The defendant receiver was a party to these probate proceedings but appeared specially, denying the jurisdiction of the court. By decree of the Probate Court, the Federal National Bank was removed as trustee, a vacancy was declared and the plaintiff appointed as succeeding trustee.

The Regulations of the Board of Governors of the Federal Reserve System, issued under the authority of Sec. 11(k) of the Federal Reserve Act, as amended (12 U.S.C.A. § 248(k), contemplate that,

in case of insolvency of a national bank exercising fiduciary powers, the receiver shall, pursuant to the instructions of the comptroller and to orders of the court, or courts, of appropriate jurisdiction, proceed to close such trusts and estates as can be closed promptly and transfer all other trusts and estates to properly appointed substitute fiduciaries.

It is difficult to conceive of a case where a substitute trustee can be appointed without the removal, or resignation, of the trustee in receivership. It would seem to me that it would have been consistent with the spirit and purpose of the regulations if the receiver had joined with the plaintiff instead of resisting the appointment.

The Massachusetts laws (ch. 203, § 12) empower the Probate Court, after notice to the trustee and all persons interested, to remove the trustee if it finds that such removal is for the interest of the beneficiaries of the trust, or if it has become otherwise incapable or unsuitable therefor.

The Probate Court found that the trustee was in the hands of a receiver and that the interest of the beneficiaries of the trust required the removal and decreed accordingly.

It is well settled that a national bank is subject to the laws of the state in which it is doing business in respect of its affairs unless the laws are inconsistent with the laws of the United States, or interfere with the purpose of the association, or destroy its efficiency as a federal agency. First National Bank in St. Louis v. Missouri, 263 U.S. 640, 656, 44 S.Ct. 213, 68 L.Ed. 486; Lewis v. Fidelity & Deposit Co. of Md., 292 U.S. 559, 54 S.Ct. 848, 78 L.Ed. 1425, 92 A.L.R. 794; Jennings v. U. S. Fidelity & Guaranty Co., 294 U.S. 216, 219, 55 S.Ct. 394, 79 L.Ed. 869, 99 A.L.R. 1248.

I am of the opinion that the statute of Massachusetts, conferring power upon a Probate Court to remove a trustee, is a statute which may properly be applied to a national bank which undertakes to act as a fiduciary. This must be so, in view of the provisions of the federal statutes authorizing the organization of said banks as national bank associations, which especially provide (12 U.S.C.A. § 35) that the conversion shall not be in contravention of state laws. See Ex parte Worcester County National Bank, 279 U.S. 347, 49 S.Ct. 368, 73 L.Ed. 733, 61 A.L.R. 987.

With respect to the matters here involved, the rights or the immunities of the receiver rise no higher than those of the National Bank. Rankin v. City National Bank, 208 U.S. 541, 28 S.Ct. 346, 52 L.Ed. 610; Peterson v. Tillinghast, 6 Cir., 192 F. 287; Andresen v. Kaercher, 8 Cir., 38 F.2d 462.

The plaintiff may have summary judgment according to his prayers and plaintiff may prepare and submit for approval a form of said judgment.