<hr/>

### STATE v. SILAS MEAD.

*Indictment for obstructing railroad engines.*

An indictment under sec. 65 of chap. 26 of the Compiled Statutes, for willfully obstructing the engines of a railroad corporation, should allege the corporate character of the railroad company whose engines are alleged to have been obstructed.

The expression "railroad company" does not necessarily import a corporation; and the court cannot take judicial notice that the company is a corporation unless it be so alleged.

Nor does the fact that the charter of a railroad company is a public act obviate the necessity of alleging that it is a corporation in such an indictment.

INDICTMENT charging that the respondent "on the 17th day of "August, A. D. 1853, with force and arms, at Middlesex aforesaid, "willfully did obstruct, hinder, impede and stop the machines, "engines, and cars, of the Vermont Central Railroad Company, "running over the track of the said company through the town of "Middlesex aforesaid, by placing logs upon and over, and across

" said track, contrary to the form, force and effect of the statute in " such case made and provided, and against the peace and dignity " of the state."

After a jury trial at the March Term, 1854,—POLAND, J., presiding,—in the course of which several exceptions were taken and allowed, which the decision of the supreme court renders it unnecessary to state, the respondent filed a motion in arrest of judgment on account of the insufficiency of the indictment. The motion was overruled, to which overruling the respondent also excepted.

*O. H. Smith* for the respondent.

*Peck & Colby* for the prosecution.

The opinion of the court was delivered by

BENNETT, J. This indictment is intended to be grounded upon the 65th section of the general railroad law. See Comp. Statutes, p. 204. That section makes it a misdemeanor in any person who shall willfully do, or cause to be done any acts by which any building, fence, construction or work of any railroad *corporation*, or any engine, machine or structure, or any matter or thing appertaining to the same, shall be stopped, obstructed, impaired, weakened, injured or destroyed.

To bring a case within this section, the persons obstructed in the enjoyment of their rights must be a railroad *corporation*, and this is essential to constitute the offence. In the indictment the injury is alleged to be done to machines, engines and cars of the *Vermont Central Railroad Company*. The expression " railroad *company*" does not *ex vi termini* import that of necessity they must be a *corporation* under the laws of this state or any other state; and we cannot, unless it is so alleged, take judicial notice that such is the fact. This averment in the indictment would be sustained by proof that the railroad company was a *voluntary association*.

If it had been avered that the injury had been done to the railroad *corporation*, it is quite another question what proof would have been necessary to have sustained it, and whether proof of the existence of a corporation *de facto* would have satisfied it.

It cannot help the plaintiff out of the difficulty because the char-

ter of the Vermont Central Railroad Company declares it to be a public act. This may excuse the want of pleading the act, but not the want of a sufficient averment of facts to show that an offence had been committed. In this case the averment "railroad *company*" is equivocal. It may mean a *corporation* or a *voluntary association*, and the intendment is against the pleader.

The least that can be required, is an averment that the railroad company was a corporation, and whether it would be necessary to go further in the averments, it is not necessary to inquire. The questions raised on the trial become immaterial and need not be considered.

The judgment of this court is that the judgment of the county court, overruling the motion in arrest, be reversed, and judgment that the indictment is insufficient.