## ROBERT PRICE v. THE STATE.

41 215
33a 293

1. THEFT.—A passenger on a railway train, when the train was in motion, threw from a car a bale of cotton belonging to another: *Held*, that a conviction of the passenger for theft of the cotton was proper, where the facts and circumstances connected with the act justified the conclusion that the accused threw it from the train with a view of converting it to his own use.

2. INDICTMENT.—A conviction on a charge of theft from the train of a railroad company will not be disturbed on account of the failure of the State to allege and prove the proper name of the company, when that defense was not made on the trial, and could only be ascertained on appeal by reference to the private act of the Legislature constituting the company.

APPEAL from Navarro. Tried below before the Hon. F. P. Wood.

*J. L. Halbert*, for appellant.

*George Clark, Attorney General*, for the State.

ROBERTS, CHIEF JUSTICE.—The defendant is charged with the theft of a bale of cotton from the train of the Houston and Texas Central Railroad Company, being the property of said company.

It was proved that defendant, being on the train at night, threw off a bale of cotton privately, he having got on the

train to ride a small distance, and upon finding that the brakeman, who saw him do it, was going to report him to the conductor, he jumped from the train to escape arrest, and could not afterwards be found on the train.

It is objected, in defense, that the act of throwing off the bale of cotton under the circumstance was not such a taking into possession of the bale of cotton as amounted to a complete act of theft. The cotton was removed from the position on the train where it was placed by the owners, and removed from their possession by being thrown off of the train by him. The fact and circumstances connected with the act justified the jury in concluding that it was done to convert the cotton to his own use.

It is objected also that the proper name of the company is the Houston and Texas Central Railway Company, and not the Houston and Texas Central Railroad Company, as it was alleged and proved on the trial. To this it may be answered that it was a matter of fact not raised on the trial, and only to be ascertained by reference to the private act of the Legislature constituting the charter of the company. It was not necessary to set out the charter in the indictment, or to allege it to be a chartered company otherwise than by name, as was done in this case. (1 Arch. Pl. and Pr., note 271; People *v*. Curling, 1 Johns. Rep., 320.)

The proof corresponded with the indictment as to the name of the company, and there was no question made in relation to it on the trial in any way.

The proof of *alibi*, attempted as a defense, being wholly dependent on the particular date, which was not fixed with certainty, is not of a character to reverse the finding of the jury.

Finding no material error in the charge of the court, and there being evidence sufficient to sustain the verdict, the judgment will be

AFFIRMED.