## No. 2485.

### BOB WHITE v. THE STATE.

PLEADING—THEFT OF PROPERTY OF A CORPORATION—INFORMATION OR INDICTMENT FOR THEFT of the property of a corporation must not only describe the corporation by its correct corporate name, but should allege that it was a corporation. Allegation that the "Mo. P. Rway Company" was the owner of the stolen property will not suffice. See the opinion in extenso for a discussion of the question, and for the substance of an information *held* insufficient to charge the offense of theft.

APPEAL from the County Court of Rains. Tried below before the Hon. W. M. Lamb, County Judge.

The opinion discloses the case. The penalty assessed against the appellant was a fine of twenty-five dollars and confinement in the county jail for forty-eight hours.

One Jeff Martin was joined in the information against this appellant, and, upon his separate trial, he was convicted and a like punishment assessed against him. The judgment in his case was reversed and the prosecution dismissed for the same reasons assigned in this case.

*E. W. Terhune,* for the appellant.

*W. L. Davidson,* Assistant Attorney General, for the State.

WHITE, PRESIDING JUDGE.   Appellant was convicted upon an information based upon a complaint charging him and one Martin jointly with the theft of one hundred and fifty pounds of stone coal, of the value of sixty-seven and one-half cents.   In the complaint it is alleged the coal "was the property of the Mo. P. Rway Company," and that it was taken "from the possession of Burt Temple, who was holding the same for the said Mo. P. Ry Company, without the consent of the said Burt Temple and the said Mo. P. Ry Company, or either of them, and with the intent to deprive the said Mo. P. Rway Company of the value thereof," etc.

In the information the alleged owner is styled "the Mo. P. Ry Company," and this is the name used throughout to designate the owner.   A motion to quash, which was overruled, raised two objections to the information, in substance, 1, that there was a fatal variance between the allegations in the complaint and the information as to the name of the owner; and, 2, that neither the complaint nor information describes the owner sufficiently; and that if the letters used be sufficient to designate the Missouri Pacific Railway Company, as seems to have been intended, then the allegation is further defective and insufficient in that it does not allege that said railway is a corporation duly incorporated.

As to the complaint, we think that its allegations were inconsistent and repugnant in themselves.   It alleges the ownership to be in "the Mo. P. Rway Company," but that the property was taken from, without the consent of, and with intent to deprive "the Mo. P. Ry Company" of the value of the same. Now, do the letters "Mo. P. Rway" and "Mo. P. Ry." designate the same company?  It is extremely uncertain whether they do or not.   If they do not, then the ownership is in a company whose want of consent to the taking is not alleged, and the want of consent and intent to deprive are made to apply to a party or company which did not own the property.   To say the least of it, the pleading is vague and indefinite, and few better illustrations, perhaps, could be given of the importance and necessity of stating in full without abbreviation, unless explained in connection therewith the name of the company or

corporation intended to be designated. If initials can be held sufficient, then which of the two forms of initials set forth in the complaint shall we take as the true one ? If we select "Mo. P. Rway" as the owner, then it is apparent that it does not correspond with, and that there is a variance in letters between it and the "Mo. P. Ry," alleged as owner in the information.

The matter may be solved by determining whether in a criminal prosecution the name of a company or corporation should be set out in full, and, if a corporation, whether it be further essential that it be alleged that it was incorporated. We have no special criminal statute upon the subject. Our statute as to the allegation of the name of the defendant or of any other person necessary to be stated in the indictment, evidently refers to individuals, and does not embrace companies or corporations. (Code Crim. Proc., art. 425.) In short our code of procedure is silent, and, having failed to supply us a rule, we are relegated to the common law. (Code Crim. Proc., art. 27) and approved precedents.

Mr. Bishop says: "An indictment against a corporation properly describes it by its corporate name." And again: "The indictment should show on its face that a name in it is a corporation's, if such in fact." (1 Bish. Crim. Proc., 3 ed., sec 682.) In his work on criminal pleading and practice (8 ed.) Mr. Wharton says, in section 110: "When the name of a corporation is given, the corporate title must be strictly pursued unless specification is made unnecessary by local statute;" and in a note to this section he says: "Whether at common law in an indictment for stealing the goods of a corporation it is requisite to aver that the corporation was incorporated has been much disputed. That it is necessary is ruled in The State v. Mead, 27 Vermont, 722; Cohen v. The People, 5 Park. C. R., 330; Wallace v. The People, 63 Illinois, 451; The People v. Schwartz, 32 California, 160." He cites a number of decisions to the contrary, which we omit.

In his work on criminal law the same learned author says: "Goods belonging to a corporation must be laid as the property of the corporation by its corporate name and not as the property of the individual corporators, though they be all named." (1 Whart. Crim. Law, 8 ed. sec. 941.) In 2 Archbold's Criminal Pleading, 359, it is said, "the property of a corporation aggregate must be laid in the corporation in its corporate name;" and this same doctrine is declared in 2 Russell on Crimes, page 100.

In regard to pleading in civil cases, it is provided by statute

that the act of incorporation need not be set out at length, "but it shall be sufficient to allege that such corporation was duly incorporated." (Rev. Stats., art. 1190, amended by act 18th Leg., regular session, p. 103.)

This question, in so far as we are aware, has arisen, even incidentally, in but one case which has been adjudicated in the courts of last resort in this State. In Price's case, 41 Texas, 215, the defendant was indicted for the theft of a bale of cotton from the train of the Houston & Texas Central Rail*road* Company, being property of said company. It was objected that the proper name of the company was the Houston & Texas Central Rail*way* Company. Roberts, Chief Justice, says: "It was not necessary to set out the charter in the indictment, or to allege it to be a chartered company otherwise than by name, as was done in this case." As shown by the authorities we have quoted above, this decision was not in harmony with the most approved doctrine, in so far as it holds that it is unnecessary to allege that the company is a corporation. We are of opinion that such allegation is requisite, and, to say the least of it, it is beyond doubt the better practice.

But in this case certain initials only are given, and the name of the company is not pretended to be, or even substantially given, as might, with some plausibility, have been claimed in the Price case. How can this court say what the Mo. P. Rway Company is?

We are of opinion, for the reasons given, that both the complaint and information are insufficient to support the prosecution and conviction. Wherefore the judgment is reversed, and the prosecution under said complaint and information is dismissed.

*Reversed and dismissed.*