LUTHER SMITH v. THE STATE.

No. 13391. Delivered June 4, 1930.
Reported in 29 S. W. (2d) 350.

The opinion states the case.

*Jones & Jones,* of Mineola, for appellant.

*A. A. Dawson,* State's Attorney, of Austin, for the State.

MARTIN, JUDGE.—Offense, the unlawful possession of a still for the manufacture of intoxicating liquor; penalty, one year in the penitentiary.

The incriminating facts proven against appellant were briefly as follows: Officers searched the residence and premises of appellant from which he was at the time moving. They found a whiskey worm up in the loft of his house. Across the road, and at a distance of some 130 steps, they found a still, which held about thirty gallons. A trail led from appellant's house to this still. It had rained the night before and in the trail were fresh tracks which from their size and shape appeared to have been made by appellant. They found also two kegs which appeared to have recently had whiskey in them. They also found near a hog pen some mash that had been cooked and run. They likewise found a furnace in the yard. We deem the evidence sufficient to support the verdict of the jury.

The contention is properly presented that the indictment in this case charges no offense. Its accusatory portion is in the following language.

"* * * did then and there unlawfully possess a still, the same then and there equipment for the manufacture of spirituous, vinous and malt liquor then and there capable of producing intoxication * * *"

The word "being" appears to have been omitted. We think the meaning of the indictment is plain without the omitted word and not being descriptive of the offense, its omission would not necessarily vitiate the indictment. 22 Cyc., p. 292; Stanfield v. State, 43 Tex. Crim. Rep. 10; Stephens v. State, 154 S. W. 996. The entire phrase "the same then and there being equipment" might be omitted and still the indictment would sufficiently charge the offense.

Bill of Exception No. 10 evidences that appellant was forced to testify over objection that he had been charged with a violation of the liquor law in the United States court and answered on redirect examination that he had paid a fifty dollar fine, which was the only punishment assessed against him, whereupon appellant moved the Court to strike all of this testimony from the record because the evidence showed that he could not have been convicted or charged with a felony. The determination of the question of whether an offense is a felony is not to be measured solely by the punishment assessed. A person may be convicted of a felony though his punishment is

assessed at a fine only. Any offense for which imprisonment in the penitentiary may be assessed is a felony, though a fine as punishment may likewise be provided in the alternative. Campbell v. State, 22 Tex. Crim. App. 262; Woods v. State, 26 Tex. Crim. App. 490; Ex parte Biela, 46 Tex. Crim. Rep. 487. The record shows that appellant was charged with a felony. Because he merely paid a fine does not conclusively show that the offense was a misdemeanor.

The most serious question in the case is the improper argument of the prosecuting attorney shown in Bill of Exception No. 15, which was as follows:

"One of the strongest circumstances of the guilt of the defendant is that he was convicted in the United States Court for violating the whiskey law."

The Court recognized that the argument was improper and instructed the jury to not consider same. In his main charge he instructed the jury in substance and effect that this particular testimony could only be considered by the jury in passing upon the credibility of defendant as a witness and for no other purpose. The effect of the quoted argument was an insistance that the jury disregard the Court's instruction and appropriate this testimony for an improper purpose. The use of arguments of this character have been many times held to be reversible error. McClure v. State, 100 Tex. Crim. Rep. 545; Jarrott v. State, 96 Tex. Crim. Rep. 239; Cotton v. State, 19 S. W. (2nd) 319.

Because of this error, the judgment is reversed and cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.