WALTER LANGDON v. THE STATE.

No. 19631.   Delivered May 11, 1938.
Rehearing denied June 15, 1938.

The opinion states the case.

*W. R. Smith, Jr.,* of Austin, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

MORROW, PRESIDING JUDGE.—The offense is theft, a misdemeanor; penalty assessed at a fine of $50.00 and confinement in the county jail for one day.

The witness B. R. Schram, an employee of the State Board of Control, testified that he knew the appellant, who worked as a porter in the Capitol; that certain plates formerly representing court records belonging to the Court of Criminal Appeals, the Court of Civil Appeals and the Supreme Court, were taken from the basement of the Capitol for a period of three months prior to December 14, 1936; that about 1,500 pounds of these plates were recovered from the Austin Metal & Iron Company. Ernest Best, a Texas Ranger, testified that he made an investigation of the junk yards in the city of Austin and found at the junk yard mentioned the plates in question.

Appellant made a voluntary written statement which was introduced upon the trial and from which we quote as follows:

"I, Walter Langdon, am forty-one years of age and live on the corner and Waller and Catalpa Streets, Austin, Texas. I have been employed as a porter at the State Capitol for ten years. During the month of December I took various records and plates from the basement of the State Capitol and sold it at Austin junk yards. I sold some of the stuff to Abe Goldstein and some to Callaway Junk Company, Fourth and Waller. The last bunch of plates I stole were taken on December 24th. I did not have the permission of anyone to take this property of the state. On this occasion, December 24th, I sold all the stuff I had taken to Abe Goldstein. The material on this occasion was in three boxes and was sold at three cents per pound, netting me about $6.75 which I converted to my own use."

Abe Goldstine, an employee of the Austin Metal & Iron Company, testified that he purchased a number of plates from the appellant on several occasions after November 4, 1936. He said he purchased the plates from the appellant because of the second-hand lead that was in them. The plates were bought on the basis of junk, and the witness paid two and one-half cents per pound for the plates, which weighed about two pounds each.

Horace Wallace testified that he worked for the Fulton Engraving Company; that he had seen many plates like those introduced in evidence. He stated that the reasonable market value of the plates was from $2.80 to $3.20 each.

Holcomb, a watchman at the State Capitol, testified that the appellant came to him on a certain day and asked for the key to the room in the basement, stating that he wanted to get some "stuff" out of the basement. Appellant received the key and

returned it in a few minutes. Thereafter, the witness went to the east door of the Capitol and saw in a car four boxes like those in which the plates were kept in the basement.

No defensive testimony was introduced in behalf of the appellant.

No complaints of the procedure have been presented by bills of exception.

Deeming the evidence sufficient to support the conviction, the judgment of the trial court is affirmed.

### ON MOTION FOR REHEARING.

KRUEGER, JUDGE.—Appellant earnestly insists that we erred in our original opinion by declining to hold that the trial court erred in not sustaining his motion to quash the indictment on the ground that it was charged that the appellant "unlawfully and fraudulently took and stole certain property not his own, to wit: ten engraved plates each of the value of $2.00,—the same being the corporeal personal property of the State of Texas from the possession of said the State of Texas, without the consent of the said the State of Texas, with the intent to deprive the said the State of Texas of the value thereof, and with the intent to appropriate it to the use and benefit of him, the said Walter Langdon, against the peace and dignity of the State."

Appellant contends that the State could not possess property, could not consent to, or decline to give its consent to, the taking of its property. This contention seems to us to be untenable. The State of Texas can own and hold all kinds of property like any corporation acting by and through duly constituted agents. It is true that the better practice might be to charge the possession and control of the property to be in an authorized agent or a natural person. Yet the law does not inhibit the naming of a corporation alone as the owner in an indictment for theft of property. See Modica v. State, 94 Texas Crim. Rep. 403; Houghton & Jones v. State, 116 Texas Crim. Rep. 70, and authorities there collated.

It seems to us that the allegations in the indictment are sufficient to charge the offense and the proof abundantly sustains the charge.

No other grounds being urged, the motion for a rehearing will be overruled.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.