R. M. GORDON v. THE STATE.

No. 19851. Delivered November 9, 1938.

The opinion states the case.

*Baker & Baker,* of Coleman, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

HAWKINS, JUDGE.—Conviction is for driving an automobile upon the highway while appellant was intoxicated, punishment assessed was five days in the county jail and a fine of $250.00.

Appellant filed application for a suspended sentence in event of his conviction. The court instructed the jury that if they found appellant guilty and assessed his punishment at imprisonment in the *penitentiary* they might in their discretion recommend the suspension of his sentence. Appellant objected by proper exception to such instruction on the ground that the offense with which he was charged was a felony regardless of the punishment inflicted and if convicted he was entitled to have the jury determine whether he was entitled to a suspended sentence whether the jury assessed his punishment by fine, imprisonment in the county jail, or confinement in the penitentiary.

Article 776, C. C. P., gives to a person convicted of *"any felony"*—(except certain ones named, the present offense not being included)—the right to have his sentence suspended provided the punishment be not more than five years.

Article 47, P. C. (1925), in part reads: "An offense which may—not must—be punishable by death or by confinement in the penitentiary is a felony."

Article 802, P. C., as amended, Acts 1937, 45th Legislature, Chap. 60, p. 108, provides: "Any person who drives or operates an automobile or any other motor vehicle upon any street or alley, or any other place within the limits of any incorporated city, town, or village or upon any public road or highway in this State while such person is intoxicated, or in any degree under the influence of intoxicating liquor, shall upon conviction be confined in the penitentiary for not more than two (2) years, or be confined in the county jail for not less than five (5) days nor more than ninety (90) days and fined not less than Fifty Dollars ($50) nor more than Five Hundred Dollars ($500)." The punishment permitted may in the discretion of the court

or jury be confinement in the penitentiary and the offense is therefore a felony. If by the terms of the statute the jury is at liberty to inflict some milder punishment than imprisonment in the penitentiary that does not prevent the offense from being a felony. Campbell v. State, 22 Texas Crim. Rep. 262, 2 S. W. 825; Smith v. State, 115 Texas Crim. Rep. 88, 29 S. W. (2d) 350.

We agree with our State's Attorney, the Hon. Lloyd W. Davidson, who says in his brief: "The trial court doubtless construed this language (Article 776, C. C. P.) as limiting the application of the suspended sentence only in case a term in the penitentiary was assessed. To this construction I can not agree. In my opinion, it is an unwarranted limitation of the statute. It appears that only three things must occur to warrant a suspended sentence: (1) There must be a conviction of a felony; (2) the punishment must not exceed five (5) years in the penitentiary; and (3) the jury must expressly recommend it in their verdict. This being true, the minimum of punishment has no effect. It occurs to me that an expression found in Parrish v. State, 71 S. W. (2d) 274, is in keeping with this construction. There the Court, speaking through Presiding Judge MORROW, said: 'The question as to whether appellant had a right to have the issue of a suspended sentence submitted, depends not upon the *sentence imposed,* but upon the sentence that the jury was *permitted to impose,* which was within the purview of the Suspended Sentence Law, Article 776, supra.' "

It may be that when the Legislature passed the Suspended Sentence Law the fact was overlooked that many felonies carried the alternative punishment of fine or imprisonment in the county jail or confinement in the penitentiary. Many offenses have since been denounced as felonies carrying such alternative punishments. If the Legislature now believes that a suspended sentence should be denied in felony cases where the punishment inflicted is by fine or imprisonment in the county jail, a simple amendment to Article 776, C. C. P., to that effect would accomplish such purpose. The change must come by legislative enactment and not by judicial construction.

The judgment is reversed and the cause remanded.