

# THE ATTORNEY GENERAL
# OF TEXAS

**PRICE DANIEL**
ATTORNEY GENERAL

**AUSTIN, TEXAS**

Jan. 30, 1947

Hon. Arthur B. Knickerbocker
Adjutant General of Texas
Austin, Texas

Opinion No. V-46

Re: Appropriate agency to
accept title to site for
Texas National Guard
Armories.

Dear Sir:

Reference is made to your letter of January 2, 1947, concerning the following questions:

(a). "Is the Texas National Guard Armory
Board the appropriate State agency to accept
the fee simple of property destined to be the
site of the armory of the National Guard Unit
stationed at Kerens?"

(b). "If the answer to "(a)" above is in
the negative, what agency of the State of Texas
has the authority to accept title for the pur-
poses described above."

The facts recited in your letter above referred to indicate that several public spirited citizens of the City of Kerens desire to donate a certain tract of land described therein as "20 acres of land out of the M. Autry Survey, Navarro County, Texas, as sold by W. E. Towle, et ux to E. H. Gray, G. M. Shatman and H. W. Hoffer, Trustees, on November 6, 1946" to be used as a site for a National Guard Armory for the Unit stationed at Kerens.

While it is recognized by our courts that the State of Texas has the right and power to acquire and use property, in the absence of constitutional restriction, (Langdon v. State, Ct. of Cr. App., 117 S.W. (2d) 780; King v. Sheppard, 157 S. W. (2d) 682, writ of error ref.), it is our opinion that Article 5890b, Vernon's Annotated Civil Statutes, is controlling of your question. This Act created the National Guard Armory Board, having been passed by the Forty-fourth Legislature, as Chapter 184, p. 462, Acts 1935; was amended by the Forty-fifth Legislature, Chapter 366, Acts of 1937, and later amended by Acts, 1939, 46th Legislature, page 487, Section 1. The provisions of this article applicable to your question No. 1 are quoted as follows:

"Sec. 2. The Board hereby created shall be and it is hereby constituted a body politic and corporate. It shall succeed to the ownership of all property of, and all lease and rental contracts entered into by, the Texas National Guard Armory Board that was created by prior statutes and all of the obligations contracted or assumed by the last mentioned Board with respect to any such property and contracts shall be the obligations of the Board created by this Act. With this exception, no obligation of said former Board shall be binding upon the Board hereby created. It shall be the duty of said Board to have charge of the acquisition, construction, rental, control, maintenance and operation of all Texas National Guard Armories, including stables, garages, rifle ranges, hangers and all other property and equipment necessary or useful in connection therewith, and the said Board shall possess all powers necessary and convenient for the accomplishment of such duty, including, but without being limited thereto, the following express powers:

"(f) To acquire, by gift or by purchase, for use as building sites or for any other purposes deemed by said Board to be necessary or desirable in connection with or for use of units of the Texas National Guard, property of any and every description, whether real, personal or mixed, including, but without limitation on the foregoing, leasehold estates in real property, and hold, maintain, sublease, convey and exchange such property, in whole or in part, and/or to pledge the rents, issues and profits thereof in whole or in part; also, to acquire, by gift or purchase, or by construction of the same, furniture and equipment suitable for Armory purposes and to hold, maintain, sublease, convey and exchange such furniture and equipment, in whole or in part.

"(g) To construct buildings on any of its real property, whether held in fee simple or otherwise, . . ."

As previously commented upon in our opinion No. 0-5695, addressed to you, this Act, as amended by the 45th Legislature in 1937, was before the Supreme Court in the case of Texas National Guard Armory Board v. McCraw, 126 S. W. (2d) 627, and the constitutionality and validity of same were upheld. In the last above

cited case, the relator, Texas National Guard Armory Board, and the respondent, McCraw, Attorney General of Texas, agreed to certain pertinent facts relating to the case:

> "(i) That the said buildings are to be constructed on sites of land deemed adequate by the Board for the purpose, which sites either have already been, or will be prior to the beginning of construction thereon, donated to or otherwise acquired by the Board." (Underscoring supplied)

> "(j) That a considerable number of such donations will be made by individuals or groups of individuals having no public status, but some of such donations either have been or will be made to the Board by the municipal corporations within whose territorial confines, or near whose territorial boundaries, such sites are located; the conveyance of such sites to transfer to the Board a fee simple title in some instances, and in other instances a leasehold for a term of ninety-nine years, which shall require no payment on the part of the Board of rental or taxes, - the expressed consideration being the construction of buildings." (Underscoring supplied)

The Attorney General questioned the constitutionality of the above Act on several grounds, none of which involved the question or the right of the Board to receive fee simple title to land by donation or gift from individuals or groups of individuals having no public status.

Mr. Justice Sharp, writing for the majority of the Court, used the following language:

> "The Board is authorized to acquire sites for Armory purposes by gift or purchases . . ."

On the question of the Board holding title to property, we think the opinion of Justice Critz, concurring in part and dissenting in part in the McCraw case, supra, is very appropriate, and we quote as follows:

> "The Board acquires property in its name as such. The Board rents the property acquired by it to the State, by making rental contract with another State agency, the Adjutant General. On such lease contract the Board issues bonds,

secured by the rents to be paid by the State.
When the bonds are all paid, the properties
held by the Board become, as a matter of law,
the property of the State. Under such a law,
while the Board holds the legal title, such title
holding is a pure fiction. . . ."

The language as used in Section 2 (f) and Section 2 (g),
Article 5890b, quoted above, although changed slightly from the
language of the 1937 Act, which was before the Supreme Court in
the McCraw case, supra, contains no material change with re-
spect to acquiring of property by the Texas National Guard Ar-
mory Board.

We conclude the Texas National Guard Armory Board is
the appropriate State Agency to receive fee simple title to the
property destined to be the site of the Armory of the National
Guard Unit stationed at Kerens.

In view of our affirmative answer to question (a), we
deem it unnecessary to answer question (b).

## SUMMARY

The National Guard Armory Board is the
proper State Agency to accept on behalf of the
State the fee simple title to land donated to the
State by private citizens to be used as an ar-
mory site by the Texas National Guard. Arti-
cle 5890b, Sec. 2, subsections (f) and (g), Ver-
non's Annotated Civil Statutes.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By          Charles E. Pratt
                   Charles E. Pratt
                   Assistant

CEP:bt:sl

APPROVED                    APPROVED JAN 30 1947
OPINION COMMITTEE
BY   BWB                    Price Daniel
   CHAIRMAN                 ATTORNEY GENERAL OF TEXAS