Joseph Herschel MOUTRAY, Appellant,

v.

The STATE of Texas, Appellee.

No. 36859.

Court of Criminal Appeals of Texas.

April 15, 1964.

Rehearing Denied May 20, 1964.

M. Gabriel Nahas, Jr., Houston, for appellant.

Frank Briscoe, Dist. Atty., Carl E. F. Dally, Hames C. Brough and Carol S. Vance, Asst. Dist. Attys., Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

MORRISON, Judge.

The offense is breaking and entering a coin operated machine, as denounced by Article 1402a Vernon's Ann.P.C., with three prior felony convictions alleged for enhancement; the punishment, life.

Officer Tillman testified that after midnight on the night in question, while on patrol, he passed a vacant parking lot and observed a man leaning forward with his knees bent in front of a Coca-Cola machine, which was beside the parking lot attendant's small building, that he brought his patrol car to a halt and approached the building on foot, at which time the man moved around the corner of the building away from him. Tillman stated that he called out to the man instructing him to "stop right where you are", but that instead the man ran, at the same time discarding a crow bar, and that he was able to overtake the man, whom he identified as the appellant, and return him to the Coca-Cola machine where he discovered that the money box door had been prized ajar. On the way back to the machine, Tillman recovered the crow bar and a key to appellant's hotel room which he had seen him discard in the chase.

Officer Stewart testified that a search of appellant's person at the scene revealed that he had 28 dimes, three quarters and 12

nickels, but no half dollars or pennies in his pants pocket.

Appellant testifying in his own behalf admitted that he was the same person convicted in the three prior felonies alleged in the indictment, stated that on the night in question he had approached the Coca-Cola machine for the purpose of buying a drink, that as he approached the same he observed that it had "been tampered with", whereupon he repaired to the opposite side of the building to answer a call of nature and while there observed a crow bar on top of the garbage pail, that he picked up the same, and that when he saw the officer approaching, he ran because he realized that because of his past record, he would be suspected of breaking the machine. He admitted that he had not been employed for several months prior to the incident in question.

The jury chose to accept the State's version of the occurrence, and we find the evidence sufficient to support the conviction.

Bill of exception No. 1 complains of the overruling of his motion to quash the indictment based upon the grounds that three rather than two prior convictions were alleged in order to secure a conviction under Article 63 V.A.P.C. This question has been put to rest in Bonner v. State, Tex. Cr.App., 375 S.W.2d 723, and Carso v. State, Tex.Cr.App., 375 S.W.2d 297, and the cases cited in such opinions.

Bill of exception No. 2 contends that a charge under Article 1402a is not an "ordinary felony" which may be employed as a primary offense in an Article 63, supra, indictment, because it may by its terms be punished by a fine or confinement in jail as well as confinement in the Department of Corrections. Article 47 V.A.P.C. reads in part as follows:

"An offense which may—not must—be punishable by death or by confinement in the penitentiary is a felony * * *. Offenses are divided into felonies and misdemeanors."

Campbell v. State, 22 Tex.App. 262, 2 S.W. 825, and Smith v. State, 115 Tex.Cr.R. 88, 29 S.W.2d 350, support the conclusion that an offense which may be punished by confinement in the Department of Corrections is a felony.

No reversible error appearing, the judgment is affirmed.