Charles Travis MIDDLETON, Appellant,

v.

The STATE of Texas, Appellee.

No. 44107.

Court of Criminal Appeals of Texas.

Jan. 4, 1972.

Rehearing Denied March 1, 1972.

James T. Flynt, Mineola, James Douglas Pickett, Winnsboro, for appellant.

Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

DAVIS, Commissioner.

This is an appeal from a conviction, under Section 1 of Article 1436b, Vernon's Ann.P.C., for theft of mercury from the meter of a gas pipeline. The punishment was assessed by the jury at three years.

The record reflects that on or about October 21, 1970, mercury was removed from gas pipe-line meters belonging to the Humble Oil & Refining Company. These meters were located on the Hawkins oil field of Wood County. One Brady Standford was employed as a "lease gas gager" for Humble Oil & Refining Company on the Hawkins field, and he testified that he was the person who exercised care, control and custody of these meters. While inspecting the meters on October 21, 1970, he noted that five meters, including meter no. 32–330–0408, had been completely drained of their mercury. He, subsequently, discovered appellant and one Jack Belanger pouring mercury out of a container near one of the meters.

The appellant complains that Article 1436b is unconstitutional because the appellant is charged herein with violating an article of the statute which combines both felonies and misdemeanors. Section 1, of Article 1436b, V.A.P.C., states that any person who violates the provision of the offense defined therein "shall be guilty of a felony." It has been consistently held that an offense which may be punished by confinement in the penitentiary is a felony, although persons convicted thereunder may be fined or imprisoned in the county jail. Campbell v. State, 22 Tex.App. 262, 2 S.W. 825; Huff v. McMichael, 60 Tex.Civ.App. 379, 127 S.W. 574; Smith v. State, 115 Tex.Cr.R. 88, 29 S.W.2d 350; Monroe v. State, 146 Tex.Cr.R. 239, 172 S.W.2d 699; Redding v. State, 109 Tex.Cr.R. 551, 6 S. W.2d 360; Bernard v. State, 145 Tex.Cr.R. 502, 170 S.W.2d 231; Moutray v. State, Tex.Cr.App., 378 S.W.2d 339.

The constitutionality of Section 1, of Article 1436b, V.A.P.C., was upheld in Sellers v. State, 163 Tex.Cr.R. 560, 294 S. W.2d 813. See Gonzalez v. State, Tex.Cr. App., 456 S.W.2d 53.

The appellant complains that the indictment does not allege that Humble Oil & Refining Company is a corporation. The indictment charged that "Charles Middleton entered upon the premises of Humble Oil & Refining Company, without consent, with the intent to steal mercury from gas meter no. 32–330–0408 * * * *."

Appellant cites Thurmond v. State, 30 Tex.Cr.R. 539, 17 S.W. 1098 (1891). In Thurmond, the alleged injured party was Lexington Cattle Company, and the court held where the indictment alleged ownership in a named company but omitted the averment that the company was a corporation, that even in the absence of a motion to quash, such indictment was fatally defective. The authority cited by the court, in Thurmond, was White v. State, 24 Tex. App. 231, 5 S.W. 857 (1887), a case where accused was indicted for larceny of the property of the "Mo. P. Rway, Company" and that the property was taken from one who was holding it for the "Mo. P. Ry. Company"; the court held that the indictment was insufficient to support a conviction for property taken from the Missouri Pacific Railway Company. In discussing the failure to aver that the company was incorporated, the court said,

" 'Whether at common law, in an indictment for stealing the goods of a corpo-

ration, it is requisite to aver that the corporation was incorporated has been much disputed. That it is necessary is ruled in State v. Mead, 27 Vt. 722; Cohen v. People, 5 Park, Cr.R. 330; Wallace v. People, 63 Ill. 451; People v. Schwartz, 32 Cal. 160.' He cites a number of decisions to the contrary which we omit."

The court, in White, further recognized that the only Texas case in which this question had arisen was Price v. State, 41 Texas 215 (1874), and made this comment relative to Price:

"In Price's Case, 41 Tex. 215, the defendant was indicted for the theft of a bale of cotton from the train of the Houston & Texas Central Railroad Company, being property of said company. It was objected that the proper name of the Company was the Houston & Texas Central Railway Company. Roberts, C. J., says: 'It was not necessary to set out the charter in the indictment, or to allege it to be a chartered company otherwise than by name, as was done in this case.' As shown by the authorities we have quoted above, this decision is not in harmony with the most approved doctrine, in so far that it holds that it is unnecessary to allege that the company is a corporation. We are of opinion that such allegation is requisite, and, to say the least of it, it is beyond doubt the better practice."

■ Neither Thurmond or White give any rationale for the rigid requirement that the averment of incorporation is necessary. If Thurmond and White are to continue to be the law of this state, some sort of reasonable underpinning should be supplied for this precedent. This has prompted a careful review of these cases with the result that we question the soundness of the Thurmond and White holdings. Stare decisis should be controlling only if it makes sense or follows logical reasoning.

In Burke v. United States, 58 F.2d 739 (9 Cir. 1932), the court, in holding there was no fatal variance where indictment charged embezzlement from national bank, but evidence disclosed that when offense was committed, it was, in fact, a state bank, the court said:

"There is no possibility that the appellant could have been misled by the allegation with reference to the name and organization of the bank."

* * * * * *

"The most that can be claimed for the point raised by appellant is that it is a mere technical error or defect which does not affect a substantial right of appellant, and for that reason, even if there were error, the judgment should be affirmed."

In Lewis v. State, 73 Okl.Cr. 172, 119 P.2d 91 (1941), the Oklahoma Court of Criminal Appeals held that an information alleging the uttering of a forged instrument to "S. and Company" was not defective for failure to allege that "S. and Company" was a corporation.

In the instant case, there is nothing to indicate that the omission of the averment that the Humble Oil and Refining Company is a corporation could have misled the appellant. In Burke, the court further said:

"In order to establish a fatal variance between the pleading and the proof, it must be such a variance as would tend to mislead the defendant in making his defense or prevent a plea of former jeopardy in the event of a subsequent prosecution for the same offense."

We cannot imagine that the failure of the indictment to assert that Humble Oil and Refining Company is a corporation hindered the appellant in making his defense. It most certainly would not prevent a plea of former jeopardy in the event of a subsequent prosecution.

We believe the reasoning, in Burke, to be in harmony with Art. 21.19, Vernon's Ann.C.C.P., which reads:

"An indictment shall not be held insufficient, nor shall the trial, judgment or other proceedings thereon be affected, by reason of any defect of form which does not prejudice the substantial rights of the defendant."

■ Absent a showing that appellant was misled by the failure to allege that the injured party was a corporation, we overrule the Thurmond holding that such omission automatically renders the indictment fatally defective. There being no showing of harm to appellant, in the instant case, by the absence of such averment, we reject appellant's contention.

■ Appellant further contends that the indictment is void on its face, because it failed to aver that the "accused intended to deprive the owner of the value of the alleged stolen property." Article 1436b, Sec. 1, Vernon's Ann.P.C., is violated if any person enters upon the premises with intent to steal, or carry away without the consent of the owner, or with intent to aid, or assist in stealing, or so carrying away any mercury from and out of any gas meters.

This offense is further qualified by Section 4, which provides:

"This Act shall be cumulative of all laws of the State and any violation hereof may be prosecuted, irrespective of whether or not the acts complained of may constitute some of the essential elements of other or different offenses against the penal laws of this State; and for the *purposes of this Act, the word 'steal' shall mean to take wrongfully and without just claim of authority any mercury, and the word 'steal' need not be defined* in any indictment for the prosecution of any offense hereunder." (emphasis added)

This Section of the statute has been upheld by this court. Sellers, supra; Gonzalez, supra. See § 1983, Willson's Criminal Forms.

■ Appellant contends that the mercury taken was not proven to be " * * * the common mineral known by that term not in combination with any other liquid, fluid, or mineral", as required by Article 1436b. The only evidence we find in the record comes from Standford, who testified without objection that the mercury was new mercury. We find nothing in conflict with this statement and reject appellant's complaint that the state has not met its burden of proof in this respect.

Appellant contends that there is no showing that the premises from which the mercury was taken was the property of the Humble Oil and Refining Company, or that the specific mercury taken was the property of Humble Oil and Refining Company.

■ This court has suggested that the better practice is to allege in the indictment that the stolen property was taken from the custody and control of a natural person acting for the corporation. Castillo v. State, Tex.Cr.App., 469 S.W.2d 572. While this practice is desirable from the standpoint of proof, this court has held the naming of a corporation alone as the owner in an indictment for theft of property is permissible. Langdon v. State, 135 Tex. Cr.R. 144, 117 S.W.2d 780. See Article 21.08, Vernon's Ann.C.C.P. A careful review of the evidence most favorable to the jury's verdict reflects adequate proof of ownership of the premises in question and of the mercury stolen.

The appellant contends that the state failed to meet its burden of proof that the meter from which mercury was taken was capable of measuring and registering the flow, movement, and pressure of gas, or that the meter was capable of measuring or regulating or being used to measure or

regulate or control the movement of gas. Standford testified, without objection:

"Q Could you tell me a little something about the meters, *this meter 323300408,* how does it operate? (emphasis added)

"A Well, I am not actually a meter man now, but I know a little about them, and determines the amount of gas that it flows and the engineers, whoever does it, figures it out to what is coming to the land owners and all.

"Q You mean it measures—

"A Yes.

"Q —gas?

"A That's right."

The foregoing testimony is sufficient to discharge the state's burden of proof.

Finding no reversible error, the judgment is affirmed.