**James Henry LLOYD, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 13-84-375-CR.**

Court of Appeals of Texas,
Corpus Christi.

June 28, 1985.

Terry G. Collins, Houston, for appellant.

Wiley Cheatham, Cuero, for appellee.

Before KENNEDY, UTTER and BISSETT,[1] JJ.

### · OPINION

KENNEDY, Justice.

On January 16, 1984 appellant entered a plea of guilty for failing to stop and render aid under TEX.REV.CIV.STAT.ANN. art. 6701d § 38 (Vernon 1977). Punishment was assessed by the trial court at three years' imprisonment, probated, and a fine of $1000.00. Appellant seeks to appeal from a denial of his Writ of Habeas Corpus.

Appellant contends that he entered the plea of guilty only because his trial attorney assured him that he would be able to continue his employment as an interstate truck driver even after such a conviction. However, shortly after pleading guilty, appellant was notified by the United States Department of Public Transportation that he was disqualified from driving any commercial vehicle in interstate commerce for a period of one year under § 391.15 of the Federal Motor Carrier Safety Regulations. On July 20, 1984 appellant filed an Application for Writ of Habeas Corpus with the trial court; the gravamen of the complaint was that appellant's plea of guilty was

1. Associate Justice, Court of Appeals, Thirteenth Supreme Judicial District (Ret.), sitting by desig-

nation. *See* TEX.REV.CIV.STAT.ANN. art. 1812, (Vernon Supp.1985).

rendered involuntary because it was based on his attorney's erroneous recommendation. After an evidentiary hearing, the trial court refused to grant relief. It is from this action that appellant now seeks to appeal.

 Even after a hearing, there is no appeal from a refusal to issue or grant a writ of habeas corpus, and appellate courts do not have jurisdiction to review the action. *Ex Parte Noe*, 646 S.W.2d 230 (Tex. Crim.App.1983).

In addition, the range of punishment for the offense charged is "imprisonment in the penitentiary not to exceed five (5) years or in jail not exceeding one (1) year or by fine not exceeding Five Thousand ($5000.00) Dollars, or by both such fine and imprisonment." TEX.REV.CIV. STAT.ANN. art. 6701d § 38(b) (Vernon 1977). Only in cases involving a *misdemeanor* postconviction writ of habeas corpus should appeal be directed to an intermediate Court of Appeals. *See Ex Parte Jordan*, 659 S.W.2d 827 (Tex.Crim.App. 1983). Because the offense with which appellant was charged was potentially punishable by confinement in a penitentiary, it is classified as a felony. *See Ex Parte Blume*, 618 S.W.2d 373 (Tex.Crim.App. 1981); *Platter v. State*, 600 S.W.2d 803 (Tex.Crim.App.1980); *Betancourt v. State*, 590 S.W.2d 487 (Tex.Crim.App.1979). We note in passing that since appellant is serving a *probated* felony sentence, the provisions of TEX.CODE CRIM.PROC.ANN. art. 11.07 (Vernon Supp.1985) do not apply because his conviction is not final. *Ex Parte Brown*, 662 S.W.2d 3 (Tex.Crim.App. 1983).

Appellant has failed to point to the constitutional or statutory provisions conferring jurisdiction on this court. *See Armes v. State*, 573 S.W.2d 7 (Tex.Crim. App.1978). However, the Court of Criminal Appeals has been granted unlimited original jurisdiction over habeas corpus matters by TEX. CONST. art. 5, § 5 and TEX.CODE CRIM.PROC.ANN. art. 11.05 (Vernon 1977). *See Basaldua v. State*, 558

S.W.2d 2 (Tex.Crim.App.1977). This appeal is dismissed for want of jurisdiction.