**Keith Wayne SCHMIDT, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–88–00858–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

Sept. 7, 1989.

Rehearing Denied Oct. 12, 1989.

Gerald B. Scheve, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Carol M. Cameron, Joan Huffman, Asst. Dist. Attys., Houston, for appellee.

Before WARREN, O'CONNOR and COHEN, JJ.

## OPINION

COHEN, Justice.

Appellant pled no contest to failure to stop and render aid, pursuant to a plea agreement, and the trial court assessed punishment of four years imprisonment.

Appellant contends that the controlling statute, Tex.Rev.Civ.Stat.Ann. sec. 6701d, sec. 38 (Vernon 1977), is unconstitutional and void. The State does not respond to this point of error, but argues that we lack jurisdiction because the notice of appeal does not state the trial court gave permission to appeal, nor does it list the pretrial rulings that appellant seeks to appeal.

Rule 40(b)(1) provides:

> [I]f the judgment was rendered upon [a] plea of guilty or nolo contendere ..., and the punishment assessed does not exceed the punishment recommended by the prosecutor and agreed to by the defendant and his attorney, in order to prosecute an appeal for a nonjurisdictional defect or error that occurred prior to entry of the plea the notice shall state that the trial court granted permission to appeal or shall specify that those matters were raised by written motion and ruled on before trial....

This Court and other courts have excused the same, or even greater, defects in a notice of appeal. *Young v. State*, 759 S.W.2d 680, 681 (Tex.App.—Dallas 1988, pet. ref'd); *Jiles v. State*, 751 S.W.2d 620, 622 (Tex.App.—Houston [1st Dist.] 1988, pet. ref'd). Moreover, the language the State cites applies to "nonjurisdictional" defects; appellant raises a jurisdictional defect by claiming that the statute he was prosecuted under was void. *Ex parte Wynn*, 158 Tex.Crim. 665, 259 S.W.2d 191 (1953). We note that the trial court overruled appellant's pretrial written motion to

dismiss that raised the same ground he brings forward on appeal. Therefore, under rule 40(b)(1), he did not need the trial judge's permission to appeal on this ground. We conclude that we have jurisdiction.

Appellant argues that article 6701d, sec. 38 is unconstitutional because it does not declare the offense of failure to stop and render aid to be either a felony or a misdemeanor, but instead allows the prosecutor uncontrolled discretion to designate the level of offense.

Section 38 provides:

(a) The driver of any vehicle involved in an accident resulting in injury to or death of any person shall immediately stop such vehicle at the scene of such accident ... and in every event shall remain at the scene of the accident until he has fulfilled the requirements of Section 40 [to give information and aid the injured].

(b) Any person failing to stop or to comply with said requirements under such circumstances shall upon conviction be punished by imprisonment in the penitentiary not to exceed five (5) years *or* in jail not exceeding one (1) year or by fine not exceeding Five Thousand Dollars, or by both such fine and imprisonment.

(Emphasis added.)

 Appellant contends that because section 38(b) allows either felony (penitentiary) or misdemeanor (jail) punishment, the statute is unconstitutionally vague, indefinite, and void. We disagree. Section 38 creates a felony offense, even though the accused may receive punishment other than penitentiary confinement.

Appellant relies on *Ex parte Wynn*, 259 S.W.2d 191, in which the court held a statute unconstitutional because its caption recited the offense (stealing any engine, motor, pump or battery) was a "felony *or* misdemeanor." *Id.* at 191 (emphasis added). The court stated, "no offense can be both a felony and a misdemeanor." *Id.* Section 38(b) contains no comparable language. It nowhere states the offense may be a felony or a misdemeanor. Moreover, the constitutional provision violated in *Wynn*, Tex. Const. art. III, sec. 35, provid-

ing that "no bill, ... shall contain more than one subject, which shall be expressed in its title ...," was amended in 1986 and no longer may be enforced by the judiciary. *Meshell v. State*, 739 S.W.2d 246, 251 (Tex. Crim.App.1987); Tex. Const. art. III, sec. 35(b).

We also reject appellant's argument that section 147 of article 6701d makes this offense a misdemeanor. Section 147 provides:

Whenever any person is arrested for any violation of this act *punishable as a misdemeanor*, the arrested person shall be immediately taken before a magistrate ... in any of the following cases: ...

4. When the person is arrested upon a charge of failure to stop in the event of an accident causing death, personal injuries, or damage to property.

This language does not declare sec. 38 to be a misdemeanor. It simply provides that the accused must be taken before a magistrate.

Penal Code offenses are designated as felonies or misdemeanors. Tex.Penal Code Ann. sec. 12.02 (Vernon 1974). The Penal Code provisions affecting punishment apply to offenses defined by other laws, unless the specific statute provides otherwise. Sec. 1.03(b). Thus, we look to Penal Code definitions to determine the level of this offense, even though it is does not meet the definition of a first, second, or third degree felony under the Code. Secs. 12.32–12.34.

A felony is defined as "an offense *so designated* by law *or punishable* by death or *confinement in a penitentiary.*" Sec. 1.07(a)(14) (emphasis added). A misdemeanor is defined as "an offense so designated by law or punishable by fine, confinement in jail, or by both fine and confinement." Sec. 1.07(a)(21). Sec. 12.41, applicable only to offenses outside the Penal Code, provides:

For purposes of this subchapter [enhancement], any conviction not obtained from a prosecution under this code shall be classified as follows:

(1) "felony of the third degree" if confinement in a *penitentiary* is ... a *possible* punishment;

(2) "class B misdemeanor" if the offense is *not* a felony *and* confinement in jail is ... a possible punishment.

(Emphasis added.)

Thus, a conviction under art. 6701d, sec. 38 could be used as a prior felony to enhance punishment under Penal Code section 12.42. *Platter v. State*, 600 S.W.2d 803, 805 (Tex.Crim.App.1980).

Courts have consistently held that an offense that may—not must—be punished by confinement in the penitentiary is a felony, even though punishment is actually by confinement in the county jail. *Ragon v. State*, 506 S.W.2d 214, 216–17 (Tex.Crim. App.1974) (shoplifting); *Middleton v. State*, 476 S.W.2d 14, 15 (Tex.Crim.App. 1972) (theft of mercury). In deciding closely related issues, several courts have held failure to stop and render aid to be a felony. *See Platter v. State*, 600 S.W.2d at 805 *Lloyd v. State*, 704 S.W.2d 67, 68 (Tex. App.—Corpus Christi 1985, no pet.). Compare art. 6701d, sec. 39, which makes the same acts misdemeanors if the accident results "only in damage to a vehicle...." We have found no opinions holding that this offense is, or could be, a misdemeanor.

■ Appellant finally argues that this penalty provision violates due process and is unconstitutionally vague because "a person of reasonable intelligence cannot determine the extent of his penal liability for the prohibited conduct." However, section 38(b) plainly states the minimum and maximum sentence a violator may expect. Thus, there is no uncertainty about the range of punishment.

Appellant's sole point of error is overruled.

The judgment is affirmed.