Affirmed and Memorandum Opinion filed April 7, 2005









Affirmed and Memorandum Opinion filed April 7, 2005.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14‑03‑01367‑CR

____________

 

PATSY GUNN GATES, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the
184th District Court

Harris County,
Texas

Trial Court Cause No.
898,070

 



 

M E M O R A N D U M  O P I N I O N








Appellant, Patsy Gunn Gates, appeals her
conviction for felony murder based on the underlying offense of failure to stop
and render aid (“FSRA”), Tex. Transp.
Code Ann. § 550.021 (Vernon 1999). 
In two issues, appellant claims her conviction for felony murder cannot
stand because the statute is ambiguous as to whether FSRA is a felony or
misdemeanor.[1]  In her first issue, appellant contends that
since the statute is ambiguous, under the Rule of Lenity,[2]
we must conclude that FSRA is a misdemeanor and therefore incapable of
supporting a felony murder conviction. 
In her second issue, appellant argues that because of this ambiguity, a
felony murder conviction based on FSRA violates due process.  We affirm.

The Transportation Code provides that a
conviction for FSRA is punishable by

(1) imprisonment
in the institutional division of the Texas Department of Criminal Justice for
not more than five years or confinement in the county jail for not more than
one year;

(2) a fine not to
exceed more than $5,000; or

(3) both the fine
and the imprisonment or confinement. 

Tex. Transp. Code Ann. §
550.021(c).  Under the Penal Code, a
felony is defined as “an offense so designated by law or punishable by death or
confinement in a penitentiary,” and a misdemeanor is defined as “an offense so
designated by law or punishable by fine, by confinement in jail, or by both
fine and confinement in jail.”  Tex. Pen. Code Ann. § 1.07(a)(23),
(31) (Vernon Supp. 2004–2005).  Appellant
argues that since the punishment range provided in the Transportation Code
includes both felony‑type (imprisonment) and misdemeanor‑type (fine
and/or jail) punishment, the statute is ambiguous.  We disagree.








The First Court of Appeals addressed a
challenge to the FSRA statute based on this same theory in Schmidt v. State,
778 S.W.2d 549 (Tex. App.—Houston [1st Dist.] 1989, pet. ref’d).  The court concluded that FSRA is a felony
offense, “even though the accused may receive punishment other than
penitentiary confinement.”  Id. at
551.  Though the punishment provisions of
the FSRA statute provide the option of a fine, confinement in jail, or
imprisonment, that merely provides a minimum and maximum range of
punishment.  Id. at 552.  If punishment by imprisonment is a
possibility, then the offense is a felony, even if other punishment options are
available.  Id.; see also Lloyd
v. State, 704 S.W.2d 67, 68 (Tex. App.—Corpus Christi 1985, no pet.)
(“Because the offense with which appellant was charged was potentially
punishable by confinement in a penitentiary, it is classified as a felony.”); cf.
Childress v. State, 784 S.W.2d 361, 365–66 (Tex. Crim. App. 1990) (holding
that FSRA is a third degree felony for enhancement purposes because “the
offense carries penitentiary time as a possible punishment”).

We agree with this analysis and conclude
that since imprisonment is a possible punishment, FSRA is unambiguously a
felony.  Thus, using FSRA as the
underlying offense for a felony murder conviction does not implicate the Rule
of Lenity or violate due process on the basis that the statute is ambiguous.  We overrule appellant’s first and second issues
and affirm the trial court’s judgment.

 

 

 

/s/      Leslie Brock Yates

Justice

 

 

 

Judgment
rendered and Memorandum Opinion filed April 7, 2005.

Panel consists
of Justices Yates, Anderson, and Hudson.

Do Not Publish
— Tex. R. App. P. 47.2(b).











[1]  The State
argues that appellant has waived error because she failed to file a motion to
quash the indictment as required by Tex.
Code Crim. Proc. Ann. art. 1.14(b)
(Vernon Supp. 2004–2005) (“If the defendant does not object to a defect, error,
or irregularity of form or substance in an indictment or information before the
date on which the trial on the merits commences, he waives and forfeits the
right to object . . . .”).  However,
appellant does not characterize her issues as attacking the indictment, and
thus we reject the State’s argument that appellant has waived error on this
basis.





[2]  The Rule of
Lenity “embodies ‘a presupposition of our law to resolve doubts in the
enforcement of a penal code against the imposition of a harsher
punishment.’”  Cuellar v. State,
70 S.W.3d 815, 819 n.6 (Tex. Crim. App. 2002) (quoting Bell v. United States,
349 U.S. 81, 83 (1955)).  The Rule of
Lenity is a “factor for a court to consider if, and only if, a statute is
ambiguous.”  Id.