## Ray Willcox v. The State.

### No. 1996. Decided November 6, 1912.

**1.—Theft of Cattle—Continuance—Want of Diligence.**

Where the application for continuance showed on its face a clear want of diligence, the same was properly overruled.

**2.—Same—Statement of Facts—Bill of Exceptions.**

Where no order was granted for additional time in which to file statement of facts and bills of exception, and the bill of exceptions was filed long after the time authorized by the order of the court, the same could not be considered on appeal.

**3.—Same—Verdict—Place of Confinement.**

Where the verdict of the jury found defendant guilty as charged in the indictment alleging cattle theft, and assessed his punishment at two years imprisonment, without stating place of confinement, and the court had properly submitted said offense to the jury, no other place except the penitentiary could have been intended by the jury, and the verdict was sufficient.

**4.—Same—Sufficiency of the Evidence—Circumstantial Evidence—Charge of Court.**

Where, upon trial of theft of cattle, the evidence was sufficient to sustain the conviction, there was no error, and the same not being wholly circumstantial, the court's failure to charge on circumstantial evidence was not reversible error.

Appeal from the District Court of Chambers. Tried below before the Hon. L. B. Hightower.

Appeal from a conviction of theft of cattle; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.—On the question of filing statement of facts and bills of exception: Armstrong v. State, 60 Texas Crim. Rep., 59; Presley v. State, 60 id., 102; Brunk v. State, 60 id., 263.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of cattle theft, his punishment being assessed at two years confinement in the penitentiary.

The indictment was filed the 15th of March, 1911. When the case was called for trial March 12, 1912, appellant filed an application for a continuance, which he alleges to be his first application. He had been under indictment from March 15, 1911, until the 12th of March, 1912. The application for continuance was filed on the 12th of March, 1912. He further alleges he has been in jail in Chambers County since his arrest, about eleven months, and as soon as he ascertained the residence of the witness Dugat he issued process for him, and this process was issued on the 15th of February, 1912. This shows on its face a clear want of diligence. A bill of exception was reserved to the refusal of this application, which was filed on May 15, 1912, the court having adjourned on the 16th of March, 1912. There is no order in the record granting additional time in which to file bills of exception except the one granted on May 15, 1912. This allowed twenty days from and after April 17, 1912, in which to file statement of facts and bills of exception. This would show that the bill of exceptions was filed long after the time authorized by the order of the court. The bill, therefore, can not be considered.

Another contention is that the verdict of the jury is insufficient in that it only punishes appellant by two years imprisonment. The verdict reads as follows: "We, the jury, find defendant guilty as charged in the indictment and assess his punishment at two years imprisonment." We are of opinion that the verdict is sufficient. Appellant is charged with cattle theft; the court submitted only that issue to the jury, and the verdict, viewed in the light of the charge and indict-

ment, is sufficient. Comparing the charge with the verdict of the jury, there could have been no other place except to the penitentiary mentioned. If there had been a misdemeanor offense submitted in connection with it where imprisonment in the county jail for that length of time could be fixed, there might have been a question presented, but not in the light of this record. Similar questions have been frequently passed on by this court.

Another matter complained of is that the court refused to instruct the jury to acquit, and also failed and refused to instruct the jury in regard to circumstantial evidence. Neither of these positions are well taken. The evidence is rather strong, showing that appellant took the animal knowing it not to be his, and that he had no authority to take it, and he was admonished at the time he took it not to do so by one of the State's witnesses from whom he sought to borrow a rope with which to lead the animal away. He set up no claim to the animal at the time in talking to the witness, and we are of opinion that where there is an eyewitness to the taking and admission by the appellant, it relieves the case of circumstantial evidence.

The judgment is affirmed.

*Affirmed.*