## LUTHER ROSS v. THE STATE.

No. 11483.   Delivered April 4, 1928.
Reinstated, delivered May 16, 1928.
Rehearing denied, June 23, 1928.

The opinion states the case.

*Futch & Cooper* of Henderson for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

CHRISTIAN, JUDGE.—The offense is possession of intoxicating liquor for the purpose of sale; the punishment confinement in the penitentiary for one year.

The recognizance upon which appellant is enlarged is fatally defective. It is stated that appellant "stands charged with the offense of having in his possession more than one quart of liquor for sale," and further that he "has been convicted of the offense of having in his possession more than one quart of liquor for sale." The offense attempted to be described is unknown to our law. It is not stated that the liquor was intoxicating or that it contained in excess of one per cent of alcohol by volume. The state insists that the appeal be dismissed. When the accused is enlarged, this court is without jurisdiction in the absence of a recognizance prepared in conformity with the law. Rhea v. State, 275 S. W. 1021, and authorities cited.

The appeal is dismissed.

*Dismissed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON MOTION TO REINSTATE APPEAL.

The appeal was dismissed on a former day of this term for the reason that appellant was enlarged on a defective recognizance. A sufficient recognizance having been supplied in the time provided by law, the appeal is now reinstated and the case considered on its merits.

One question is presented. Appellant contends that the verdict was insufficient to support the judgment. The verdict reads as follows:

"We, the jury find the defendant Luther Ross guilty for having in his possession more than one quart of intoxicating liquor, and assess his punishment at one year in the penitentiary. D. L. Thornton, Foreman."

Appellant contends the verdict was fatally defective because of the fact that it is not stated therein that the liquor was possessed for the purpose of sale. The indictment contains two counts both of which were submitted to the jury. The first count charged that appellant

transported intoxicating liquor, while it was averred in the second count that he possessed intoxicating liquor for the purpose of sale. The charge of the court properly defined possession of intoxicating liquor for the purpose of sale. A correct application of the law to the facts was made. This court endeavors to place a reasonable, sane and sensible construction on verdicts. It is the general announcement of the decisions that verdicts are to have a reasonable intendment and construction, and are not to be avoided unless from necessity originating from doubt of their import or immateriality of the issue found, or their manifest tendency to work injustice, or their failure to contain that which some express provision of the statute requires that they should contain. It is only where a verdict is so defective and so uncertain that the court cannot know for what offense to pass judgment that it should be set aside. In construing the verdict the charge of the court can be looked to. Construing the instant verdict in connection with the charge of the court, we are of the opinion that it is sufficient to express the intention of the jury to find the accused guilty under the second count of the indictment. See Bryant v. State, 111 S. W. 1009; Foster v. State, 17 S. W. 549.

The judgment of the court adjudges appellant to be guilty of the offense of having more than one quart of liquor in his possession for the purpose of sale. He should have been adjudged guilty of the offense of possessing intoxicating liquor for the purpose of sale. The judgment is, therefore, reformed in the respect mentioned. In order that the sentence may conform to the judgment, it is likewise reformed.

As reformed, the judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—In the charge to the jury they were told under certain conditions to find appellant guilty of possessing liquor capable of producing intoxication, and to fix his punishment. Their verdict is quoted in our former opinion, which held that, construing the verdict in connection with the charge, same was sufficient to show that the jury intended to find appellant guilty of possessing intoxicating liquor for purposes of sale. That the charge may be looked to in such case is well settled. Foster v. State, 21 Texas

Crim. App. 87; Hutto v. State, 7 Texas Crim. App. 47; Marshall v. State, 4 Texas Crim. App. 549. Verdicts are to be given reasonable intendment, are to have reasonable interpretation, and are not to be avoided unless from necessity originating in doubt of their import, or the immateriality of the issue found, or their manifest tendency to work injustice. Williams v. State, 5 Texas Crim. App. 233. The verdict is to be reasonably construed, and in such manner as to give it the meaning intended to be conveyed by the jury. McGee, et al. v. State, 39 Texas Crim. Rep. 190. In this case the court told the jury in the charge that proof of possession of more than a quart of intoxicating liquor made out a prima facie case of guilt, and this we think accounts for expressions in the verdict, which might easily be held surplusage. We think the intention of the jury apparent from the verdict, and that the disposition of the case in the original opinion was correct.

The motion for rehearing will be overruled.

*Overruled.*