DICK REDDING V. THE STATE.

No. 11485.   Delivered April 4, 1928.

Rehearing denied State, May 16, 1928.

**1.—Theft of Chickens—Law Held Invalid—Violative of Constitution.**

Chap. 15 of the Acts of First Called Session of Thirty-ninth Legislature under which this prosecution is brought which makes the offense of theft of a chicken or turkey a felony, *or misdemeanor*, in the caption of said Act, is violative of Sec. 35, Art. 3, of our Constitution. See Albright v. State, 8 Tex. Crim. Rep. 216, and other cases cited.

**2.—Same—Continued.**

Manifestly the act denounced cannot be both a felony and misdemeanor. One objection of Sec. 35, Art. 3, of our Constitution is to prevent combination of incongrous enactments in a statute. The attempted making of a single act, viz.: The taking of a chicken or turkey, a felony, *or misdemeanor*, would be the combining of incongrous enactments.

**3.—Same—Theft Statute Construed.**

Under the general theft statute of this state, the taking of a chicken, etc., is an offense whose punishment depends on the value of the property. See Title 17, Chap. 8, C. C. P., 1925.

**4.—Same—Constitutional Construction—Rule Stated.**

Where necessary words and phrases are omitted from an act in its framing, which renders it ambiguous and not certain in its meaning, it cannot be held valid. Men should not be adjudged felons whose offenses have not been written in plain and intelligible language. We are constrained to hold the Act in question not in compliance with the constitutional requirements because of the defective caption, and body of the bill.

**5.—Same—No Error Disclosed.**

On rehearing by the state, the authorities presented in support of the contention that the law in question is valid, do not, in our judgment, save the law under consideration from the defects pointed out in our original opinion.

Appeal from the District Court of Franklin County. Tried below before the Hon. R. T. Wilkinson, Judge.

*M. D. Carlock* of Winnsboro, for appellant.

*Senator P. B. Ward* of Cleburne, and *A. A. Dawson* of Canton, State's Attorney, for the State.

LATTIMORE, JUDGE.—Conviction for theft of chickens, punishment a fine of $50.00 and ten days in the county jail.

The state's attorney with this court moves to dismiss this appeal because the record contains no sentence, and this being a felony, a sentence would be a prerequisite to the jurisdiction of this court. If this be a felony he is correct. We are thus called upon to decide the question and are forced to admit that the answer is in doubt. Chap. 15, Acts of First Called Session of Thirty-ninth Legislature, contains the law, if any there be, making the theft of chickens a felony. The caption of the Act contained in said chapter is as follows:

"An Act making it unlawful for the fraudulent taking of any chicken or turkey, making such offense a felony or a misdemeanor, prescribing punishment therefor, and declaring an emergency."

It is thus declared that the offense which is to be created by, and found in, the body of the Act is "A felony or a misdemeanor." Nothing later on or further sheds light on the inquiry above raised. Manifestly the act denounced cannot be both a felony and a misdemeanor. If this is true, the caption of the bill in question is not in compliance with the commands of Sec. 35, Art. 3, of our Constitution. Joy v. City of Terrell, 138 S. W. 215. Whatever the scope of the Act, it can embrace but one subject, which must be expressed in the title to the Act. Singleton v. State, 53 Tex. Crim. Rep. 626. The subject of the Act under consideration, as expressed in its title, is to make the taking of a chicken or a turkey "A felony or a misdemeanor." As said in Albrecht v. State, 8 Tex. Crim. App. 216, and Nichols v. State, 32 Tex. Crim. Rep. 403, one object of Sec. 35, Art. 3, of our Constitution, is to prevent the combination of incon-

grous enactments in a statute. The attempted making of a single Act, viz.: the taking of a chicken or a turkey, a felony or a misdemeanor, would be the combining of incongrous enactments. So this title is in direct violation of the Constitution.

If it was the purpose of the legislature to so frame the bill as that a jury in one section of the state might, by its verdict, declare the taking of a chicken a felony; and that another jury elsewhere might declare the taking of a chicken a misdemeanor —this would be wholly wrong and violative of all the authorities. Nor might two juries in the same jurisdiction divide on the question, one deciding the act to be a felony, and the other a misdemeanor. The taking of a chicken, if an offense *eo nomine,* must everywhere in Texas be either a felony or it must everywhere be a misdemeanor. We have in Texas wholly aside from this Act, a theft statute which makes the taking of chickens, etc., an offense whose punishment depends on the value of the property taken. See Title 17, Chap. 8, 1925 P. C. We are apprehensive that the trial court in this case, because the jury only gave appellant punishment by fine and imprisonment in the county jail, was thus led to conclude this a misdemeanor conviction. Such is not the law. Sec. 47, 1925 P. C., which is in substance the same as old Art. 55, Vernon's 1916 P. C., distinctly declares every offense a felony which *may be* punished by confinement in the penitentiary. We thus see that the Act of taking a chicken or a turkey cannot be either a misdemeanor or a felony, but under said statute must be a felony.

In this connection we also call attention to Sec. 1 of said Chap. 15, supra, which is as follows:

"Whoever shall steal any chicken or turkey, shall be confined in the penitentiary not less than one nor more than two years, or by fine not to exceed two hundred dollars, or by imprisonment in jail not to exceed one hundred days, or by such fine and imprisonment."

Omitting the clause "shall be confined in the penitentiary not less than one year nor more than two years," and reading said Sec. 1 as it would be with this clause omitted, the following would appear: "Whoever shall steal any chicken or turkey, * * * or by fine not to exceed two hundred dollars." That language such as this creates no offense and fixes no punishment by fine or jail sentence, is too plain to call for analysis. The Act therefore creates no offense and fixes thereto no punishment. Necessary words and phrases were omitted from the Act in its framing. Men should not be adjudged felons whose offenses have not been written in plain and intelligible language.

We are constrained to hold the Act not in compliance with constitutional requirements because of the defective caption and body of the bill.

The judgment will be reversed and the cause ordered dismissed.

*Reversed and dismissed.*

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—We have carefully examined the state's motion for rehearing and the authorities therein relied upon. We regret to have reached the conclusion that none of them in our judgment saves the law under consideration from the defects pointed out in our original opinion.

The motion for rehearing is overruled.

*Overruled.*