## ROGER MORELAND V. THE STATE.

No. 17007.   Delivered November 14, 1934.
Appeal Reinstated January 2, 1935.
Reported in 77 S. W. (2d) 690.

The opinion states the case.

*Roy Anderson* and *J. N. Bauldin,* both of Cleburne, for appellant.

*Penn J. Jackson,* Dist. Atty., of Cleburne, and *Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is robbery; the punishment, confinement in the penitentiary for ten years.

It is recited in the appeal bond that appellant "stands charged with the offense of a felony, to-wit: robbery with firearms in this court."   It is nowhere stated in the bond that appellant has been convicted of a felony. . This is an essential statutory requisite.   Article 817, C. C. P.; Wright v. State, 35 S. W. (2d) 413; and authorities cited.   Under the circumstances the appeal must be dismissed.

Appellant is granted fifteen days from this date in which to perfect his appeal.

The appeal is dismissed.

*Appeal dismissed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

#### ON MOTION TO REINSTATE THE APPEAL.

LATTIMORE, JUDGE.—The defect in the appeal bond of appellant, causing dismissal, having been cured, the appeal is reinstated and the case is now considered on its merits.

Only one question is raised, containing two propositions. The verdict of the jury was as follows: "We, the jury, find the defendant guilty as charged in the indictment, and assess his punishment at (10) ten years. O. J. McNally, Foreman." The question is the sufficience of the verdict. The first proposition is that the verdict fails to state that appellant shall be confined anywhere; the second is that the verdict did not name or indicate the place of such confinement.

Article 686, C. C. P., declares a verdict to be the decision of a jury upon the issues submitted to them in the case. In McGee v. State, 37 Texas Crim. Rep., 670, we said a verdict was certain when the intention of the jury, in connection with the pleading and charge, is understood. In Brown v. State, 77 Texas Crim. Rep., 183, we pointedly said that complaint of a verdict because it failed to direct "Confinement," was without merit. See also Jones v. State, 7 Texas App., 103; Taylor v. State, 14 Texas App., 340; Carroll v. State, 24 Texas App., 313. Also in Willcox v. State, 68 Texas Crim. Rep., 138, we held the failure of the verdict to state the place of confinement or punishment, would not vitiate such verdict in case the conviction be of a felony, and under such facts as that under the law there could be legally no other place for such confinement or punishment except the penitentiary. See also Moore v. State, 7 Texas App., 14; Harris v. State, 8 Texas App., 90.

It is observed from the record that appellant was charged in the indictment herein with robbery; that this was the offense, and the only offense, submitted to the jury in the charge of the court, and they were told therein that in case they found appellant guilty, they must assess his punishment at death or confinement in the State penitentiary for any term of years not less than five. In Lewis v. State, 86 Texas Crim. Rep., 139, upon citation of authorities, we said that the jury is presumed to have expressed its finding with reference to the charge of the court, unless in their verdict something is stated which shows that such was not their intention. So in this case, the only reasonable intendment or construction of the verdict is that the

jury having found appellant guilty as charged, and having fixed his punishment accordingly at ten years,—must have intended that such punishment be inflicted by confinement in the only way and place named or fixed by statute for the incarceration of felony convicts after final conviction,—the State penitentiary. Nothing otherwise is stated in the verdict which, as said in the above cases, and in Ross v. State, 7 S. W. (2d) 578,—must be given a reasonable construction in order to give it the meaning intended by the jury.

Being unable to agree with appellant's contentions, the judgment will be affirmed.

*Affirmed.*