CHARLIE JOHNSON V. STATE.

No. 24703. March 15, 1950.

No attorney for appellant of record on appeal.

*George P. Blackburn*, State's Attorney, Austin, for the state.

GRAVES, Judge.

Appellant plead guilty to a violation of the liquor laws in Kaufman County and was given a term of 120 days on the county farm and a fine of $200.00. Being dissatisfied therewith he appeals.

There are no bills of exception nor statement of facts in the record.

It is evident from the verdict that the only place where appellant could be confined was in the county jail. We have heretofore held in Moore v. State, 7 Tex. App. 14, that the place of confinement, if mentioned in the verdict and was an improper one, such mention could be disregarded as mere surplusage, and the intent of the jury being plainly manifest and no place other than the county jail being provided in misdemeanor cases (Art.

384

48, Vernon's Ann. P. C.), the judgment rightly specifies the jail as the place of confinement.

In 42 Tex. Jur. p. 488, sec. 378, it is said:

"In the absence of a statute so requiring, the place of confinement need not be stated in the verdict if the intention of the jury to assess the punishment at imprisonment in a certain place can reasonably be ascertained therefrom. Accordingly verdicts which failed to state the place have been upheld where the facts were such as that under the law there could legally be no place for confinement or punishment other than the penitentiary or the county jail," (citing Jabalie v. State, 81 S. W. (2d) 509; Moreland v. State, 77 S. W. (2d) 690; Willcox v. State, 68 Tex. Cr. R. 138, 150 S. W. 898.)

It also appears that certain acts of misconduct were alleged upon the part of the jury, all set forth in the motion for a new trial. It is evident that the trial court heard evidence thereon and decided such matter against appellant. However, there does not appear in the record any statement of such facts heard on such motion. We are therefore relegated to the trial court's order in overruling such motion, and he finds no error shown.

The judgment will therefore be affirmed.