## EX PARTE WILLIE WYNN.

No. 26,533. June 24, 1953.

*Malcolm W. Tisdel,* Plainview, for relator.

*Joe Sharp,* District Attorney, Plainview, and *Wesley Dice,* State's Attorney, Austin, for the state.

GRAVES, Presiding Judge.

In his application for a writ of habeas corpus to this court, the relator seems to have been charged with a violation of Article 1436c, Vernon's Ann. P.C. which denounces the theft of engines, motors, water-well pumps or batteries used for irrigation or watering purposes, etc., and fixes the punishment by confinement in the penitentiary for not less than one year and not more than two years, or by imprisonment in jail not to exceed one hundred days, or by fine not to exceed two hundred dollars, or by both such fine and imprisonment in jail.

This statute is found in the Acts of the 52nd Legislature, Regular Session, 1951, at page 600. The caption thereof reads as follows:

"An Act making it unlawful to steal any internal combustion engine, electric motor, water well pump or battery used for irri-

gation or livestock watering purposes or any accessorial part of any such engine, motor, pump or battery; making such offense a felony or a misdemeanor; prescribing punishment therefor; and declaring an emergency."

We have heretofore held in the case of Redding v. State, 109 Tex. Cr. R. 551, 6 S.W. (2d) 360, that no offense can be both a felony and a misdemeanor, and that the taking of any chicken or turkey denounced as a felony or misdemeanor would be violative of Section 35 of Article 3 of our Texas Constitution. See also Albrecht v. State, 8 Tex. App. 216, and Nichols v. State, 32 Tex. Cr. R. 403.

Article 47 of the Penal Code reads in part as follows:

"An offense is an act or omission forbidden by positive law, and to which is annexed on conviction, any punishment prescribed in this Code. An offense which may—not must—be punishable by death or by confinement in the penitentiary is a felony; every other offense is a misdemeanor."

The relator is charged herein with violating an article of the statute which is denominated as both a felony and a misdemeanor. This is not permissible under the Constitution and laws of the State of Texas. It must be either one or the other. Therefore, we think that the relator is entitled to his discharge under the writ of habeas corpus, he being held under an indictment charging both a felony and a misdemeanor in the same count for the same offense. Such Article 1436c, Vernon's Ann. P.C., thus offends against the Texas Constitution and is void.

The relator is therefore ordered discharged from further restraint under the present indictment.