**Annie BLANKENSHIP, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 38227.**

Court of Criminal Appeals of Texas.

May 5, 1965.

Rehearing Denied June 9, 1965.

"\* \* \* did unlawfully and fraudulently take while legally within a retail business establishment therein situate, as an invitee and licensee therein, and remove from the place at which it was then and there kept, stored and displayed for sale therein, certain goods and corporeal personal property, to-wit:

2 coin savings banks of the value of $0.59 each

3 sweaters of the value of $1.69 each

4 pairs men's socks of the value of $0.69

3 pair shorts of the value of $1.99 each

of the value of Fourteen and $^{98}\!/_{100}$ Dollars the same being the corporeal personal property of Ray E. Gooding, hereafter styled 'Owner,' from the possession of the said 'Owner,' and without the consent of the said 'Owner,' and with the intent to deprive the said 'Owner' of the value thereof, and with the intent to appropriate it to the use of benefit of *him*, the said Defendant. \* \* \*"

Jerry D. Kelly, Roy C. Hughes, Jr., Dallas, for appellant.

Henry Wade, Dist. Atty., Donald Koons, Curtis Glover and W. John Allison, Jr., Asst. Dist. Attys., Dallas, and Leon B. Douglas, State's Atty., Austin, for the State.

DICE, Commissioner.

The conviction is under Art. 1436e, Vernon's Ann.P.C., for the offense of shoplifting; the punishment, one month in jail and a fine of $250.

The complaint and information alleged that on or about the 10th day of April, 1963, in the County of Dallas and State of Texas, the appellant

■ We first overrule appellant's contention that the court erred in overruling her motion to quash the information on the ground that it charged her with "being both an invitee and a licensee" and it did "not contain the name of the retail business establishment."

■ The complaint and information followed the language of the statute, Art. 1436e, supra, and was sufficient to charge an offense. 30 Tex.Jur.2d 580, Sec. 27; Burney v. State, 171 Tex.Cr.R. 347, 347 S. W.2d 723. We do not agree with appellant that because the terms "invitee" and "licensee" have a different legal meaning the allegation that she was on the premises as an "invitee and licensee" rendered the state's pleading invalid for repugnancy.

The gist of the offense is that the accused be *legally* on the premises as an invitee or licensee. It would have been clearly improper to allege in the disjunctive that she was on the premises as an invitee or licensee. See: 30 Tex.Jur.2d 574, Sec. 28, and cases there cited. While it may have been better pleading to name the retail business establishment, the failure to do so did not render the allegation insufficient to charge an offense, as the name of the owner of the property removed from the establishment was alleged.

The state's evidence shows that Ray E. Gooding was manager of the M. E. Moses Store #14 in the Pleasant Grove shopping center in the city of Dallas.

On the date alleged, Gooding saw the appellant in the store around 7:30 p. m., with a package of anklets in her hand and he also observed a bulge in her purse. He thereupon signalled to a saleslady to watch her. After he had gone to a stock room and returned, he observed appellant behind a dress rack putting four pair of men's hose in her purse, which were priced at 69¢ per pair, retail. Appellant was also observed by the saleslady to pick up some ladies' hose and attempt to put them in her purse. When she saw the saleslady, appellant put the hose down and then went around the corner and picked up four pair of men's hose. Appellant then went to the checkout station, where she paid $1.00 for the anklets and left the store. As she came outside she was met by Gooding, who asked her for the men's hose. Appellant denied that she had the hose and when told by Gooding that he had seen her put them in her purse, appellant went back inside to a check-out stand, where she opened her purse, took the men's hose out, laid them on the counter, and offered to pay for them. Gooding refused to accept payment and appellant then walked down an aisle to the third counter, where she emptied her purse, and said " 'You can have all of it, I don't want any of it.' " The items which appellant emptied from her purse consisted of three Buster Brown polo shirts priced at $1.69 each, three Buster Brown play shorts priced at $1.99 each, and two wooden banks priced at 59¢ each. Such items were not wrapped and were items that were for sale in the store. No other articles or sales tickets were in appellant's purse when she emptied the contents on the counter. It was further shown that the goods in the store were under the care, custody, and control of Ray Gooding, the manager, and that he did not consent to appellant taking the items without paying for them.

Testifying as a witness in her own behalf, appellant denied having taken the items from the store and explained her possession of them by stating that before she had gone into the store she met her daughter in front and that her daughter had given a package to her to keep which contained the items found in her purse. Appellant's testimony was corroborated by her daughter, who testified that she had purchased the items in the store around 5 p. m., for her children and had given the items, which were in a paper sack, to her mother in front of the store, while she went to a drugstore for some medicine.

The jury by their verdict chose to accept the testimony of the state's witness and reject that of the appellant. We find the evidence sufficient to sustain the judgment of conviction.

We overrule the contention that the state failed to introduce any evidence showing that the offense occurred in a retail business establishment, as alleged. The store in question is referred to in the testimony as a variety store and was shown to be a place of business where many items, including clothing, were sold to the general public.

We also overrule the contention that the evidence is insufficient to sustain the conviction because the state failed to prove that appellant was either an invitee or a licensee, as alleged. Appellant testi-

fied that she entered the place of business to purchase merchandise, which showed that she was in invitee in the establishment. Appellant, having testified that she went to the store to purchase merchandise—which showed that she was an invitee on the premises, is in no position to complain of a certain question propounded to the witness Gooding as to whether she was a licensee or invitee in the store.

▇ Error is urged to certain questions propounded to appellant's witness, Catherine Weaver, on cross-examination, when she was asked if she (the witness) had been in an insane asylum in New Orleans and also as to who the father of her four children was.

The record reflects that the inquiry as to whether the witness had been in an insane asylum was made after she testified that she had been out of town under a doctor's care, and her answer to the inquiry was that she had not been in an insane asylum. No proof was offered to contradict her testimony. In answer to the inquiry as to the father of her four children she testified that she had one child by each of her four marriages. No reversible error is perceived.

▇ Appellant's remaining contention is that the court erred in refusing to give her requested instruction to the jury on the law of circumstantial evidence.

There being direct testimony that appellant took certain of the items from the store, a charge on circumstantial evidence was not required. Rundell v. State, 90 Tex. Cr.R. 410, 235 S.W. 908. Furthermore, the facts shown are in such close juxtaposition to each other and to the main fact to be proved—the taking by appellant of the property—as to eliminate the necessity of charging on circumstantial evidence. De La O v. State, Tex.Cr.App., 373 S.W.2d 501.

The judgment is affirmed.

Opinion approved by the court.