**Enrique FRANCO, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 46592.

Court of Criminal Appeals of Texas.

March 7, 1973.

Rehearing Denied April 25, 1973.

James Whitten, Sinton, for appellant.

Jim D. Vollers, State's Atty., Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

JACKSON, Commissioner.

Appellant was convicted on his plea of not guilty before a jury, of the statutory rape of his 14 year old daughter on or about June 1, 1967; punishment was assessed by the jury at twenty-five (25) years.

Appellant and prosecutrix, aged 14 at the time of the alleged offense, lived at Mathis. The wife of appellant was mentally ill, had been in a state hospital, and lived with Janie and her son, Robert.

Prosecutrix testified that in June, 1967, when she was living with her father, he came to her bed at night and put his private parts in her private parts four times. She said she did not report this because she was afraid her father would hit her, but she told her cousin about it shortly after it happened, and later told her sisters and brothers, and they took her to the authorities.

Prosecutrix' sister, Bernabe, testified to sex and other mistreatment of her by appellant since she was 13 or 15 years old, and that prosecutrix told her and she knew of similar treatment by appellant towards prosecutrix.

The cousin above referred to, called by the defense, denied that prosecutrix had told her about what her father had done to her.

Appellant testified in his own behalf and denied having had sex relations with either of his daughters.

The State called Ramiro Franco, the 17 year old son of appellant. He said his older sister did not stay out at night (the explanation appellant had given for her hatred toward him). Appellant's counsel asked him:

"You are saying, you are telling the judge and the jury here that your father mistreated your sisters?

Answer: "Yes, sir.

Appellant's Attorney: "That's all right, I don't care to ask him any more questions."

■ Appellant's first ground of error is that the trial court erred in communicating with the jury orally and not in writing.

The jury had written the court a note asking to have the prosecutrix' testimony read, to which the judge replied in writing, "Please indicate what part of her testimony you want read or the particular point." The jury was then brought into the courtroom and the foreman said they could not hear her testimony, and wanted it "reread from the start if it's possible."

Defense counsel stated to the court that "I don't have any objection."

Whereupon, prosecutrix' testimony was read to the jury without objection.

No impropriety in this is shown, and nothing is presented for review.

■■ By his ground of error number two appellant argues that the court erred in failing to examine and ascertain the competency of prosecutrix to testify.

She was 15 years old at the time of trial. No objection as to her competency was made.

Article 38.06, Vernon's Ann.C.C.P., provides that all persons are competent to testify in criminal cases except the following:

"2. Children or other persons who, after being examined by the court, appear not to possess sufficient intellect," etc.

If she had been examined by the court and found not to possess sufficient intellect, etc., she might then have been rejected as a witness, but otherwise she was considered competent.

This statute does not require a preliminary examination by the court. Morgan v. State, Tex.Cr.App., 403 S.W.2d 150.

Ground number two is overruled.

■ For his ground of error number three appellant urges that the evidence is not sufficient because the testimony of the prosecuting daughter does not comport with human experience.

It is well stated in 4 Branch 284:

"If prosecutrix is alleged and proved to have been under the age of consent at the time the carnal knowledge of her was obtained, her failure to make outcry . . . . will not defeat the State's case, consent being immaterial."

No good purpose would be served by dwelling further on the details of this unsavory situation. The jury was the sole judge of the facts proved, the credibility of the witnesses and the weight to be given their testimony. A jury of his peers determined the facts against appellant, and we cannot say as a matter of law that this decision was not correct. Cochran v. State, 162 Tex.Cr.R. 253, 283 S.W.2d 947.

Appellant's third ground of error is overruled.

Ground of error number four asserts that the court coerced the jury into returning a verdict of twenty-five years in the penitentiary.

His complaint arose because when the jury returned its verdict on the penalty stage of the trial, the verdict read "assess his punishment at 25 years," without stating confinement in the penitentiary for twenty-five years. The trial court called the jurors' attention to this matter and the foreman then made it read "confinement in the penitentiary for 25 years." This corrected verdict was then read and all jurors concurred.

In its original form the verdict would have been sufficient. Moreland v. State, 127 Tex.Cr.R. 470, 77 S.W.2d 690.

However, the careful trial judge proceeded correctly to have the form of the verdict made more certain. Art. 37.10, V.A.C.C.P., reads: "If the verdict of the jury is informal, its attention shall be called to it, and with its consent the verdict may, under the direction of the court, be reduced to the proper form."

Appellant's ground of error number four is overruled.

Finding no error in the record, the judgment is affirmed.

Opinion approved by the Court.