**Ben Bowen RAGON, Jr., Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 47232.**

Court of Criminal Appeals of Texas.

Jan. 9, 1974.

Rehearing Denied March 6, 1974.

Second Rehearing Denied March 27, 1974.

Frank D. Coffey, Fort Worth, Paul J. Chitwood and Paul P. Riley (on motion for rehearing only), Dallas, for appellant.

Tim Curry, Dist. Atty., Clint D. Starr, William E. Burdock and Howard M. Fender, Asst. Dist. Attys., Fort Worth, Jim D. Vollers, State's Atty., and Buddy Stevens, Asst. State's Atty., Austin, for the State.

## OPINION

DALLY, Commissioner.

The conviction is for the felony offense of shoplifting; the punishment, three years' imprisonment.

The sole ground of error presented is:

"The instruction to the jury does not require the jury to find the existence of a constituent element of the offense charged and is therefore fundamentally defective."

■ The indictment alleges that the appellant was an "invitee and licensee" on the premises where the alleged shoplifting occurred. In instructing the jury the Court's charge on this element of the offense authorized conviction of the appellant if he was either an "invitee or licensee." The appellant's argument that the Court should have charged on this element of the offense that the appellant was both an invitee and licensee on the premises is without merit. It was only necessary that the jury find the appellant was either an invitee or licensee on the premises. See Blankenship v. State, 390 S.W.2d 767 (Tex.Cr.App.1965).

■ The appellant has not briefed, but argued before the Court, that because Article 1436e, Vernon's Ann.P.C. has been repealed the judgment of conviction should be reversed and the prosecution dismissed. Although the new Penal Code does repeal Article 1436e, V.A.P.C., the appellant's argument is without merit in view of the savings provision of that Act which provides:

"Conduct constituting an offense under existing law that is repealed by this Act and that does not constitute an offense under this Act may not be prosecuted after the effective date of this Act. If, on the effective date of this Act, a criminal action is pending for conduct that was an offense under the laws repealed by this Act and that does not constitute an offense under this Act, the action is dismissed on the effective date of this Act. *However, a conviction existing on the effective date of this Act for conduct constituting an offense under laws repealed by this Act is valid and unaffected by this Act. For purposes of this section, 'conviction' means a finding of guilt in a court of competent jurisdiction, and it is of no consequence that the conviction is not final."* Acts 1973, 63rd Leg., p. 883, ch. 399, Sec. 6(b). (Emphasis added.)

The appellant's guilt was established by the jury's verdict and evidenced by the judgment of the Court on October 18, 1972. The effective date of the new Penal Code was January 1, 1974.

The judgment is affirmed.

Opinion approved by the Court.

## OPINION ON APPELLANT'S MOTION FOR REHEARING

ODOM, Judge.

In his motion for rehearing appellant contends the statute under which he was convicted is void because it does not provide the place where a convicted person is to be confined. His motion for leave to file a motion for rehearing was granted for consideration of this ground only.

Appellant was convicted of the offense of shoplifting, the value of the goods being over fifty dollars. Article 1436e, V.A.P.C., defines the offense of shoplifting, and Section 4(d) thereof provides the penalty applicable to the instant case in the following language:

"For a violation of this Act, in the event the value of the goods, edible meat or other corporeal property is Fifty Dol-

lars ($50), or more, punishment shall be by confinement for not less than two' (2) years nor more than ten (10) years."

It is appellant's contention that this failure to state the place of confinement renders the statute void by virtue of the requirements of Articles 3, 6, 47 and 48, V. A.P.C.

Article 3, supra, declares "that no person shall be punished for any act or omission, unless the same is made a penal offense, and a penalty is affixed thereto by the written law of this State."

■ Article 1436e, Section 4(d), supra, in itself provides as detailed a statement of the penalty affixed to the instant offense as is required in every respect except as to the place of confinement. We hold that, as to the place of confinement, that which does not appear in Art. 1436e, Sec. 4(d), is supplied by Article 48, V.A.P.C., which in relevant part provides:

"The punishments incurred for offenses under this Code are—

\*   \*   \*   \*   \*   \*

"2.   Imprisonment in the penitentiary

"3.   Imprisonment in jail  .   .   .   .

\*   \*   \*   \*   \*   \*

"6.   Imprisonment in training schools and similar institutions."

Article 48 applies to punishments generally, and is obviously part of "the written law of this State," as required by Article 3, supra. It would be an unreasonable construction of Article 3 to hold that it requires the punishment be stated in the same article as that which establishes the offense. For example, see Articles 1389–1396, V.A.P.C., wherein the offense of burglary is defined, the punishment for which is stated in Article 1397, V.A.P.C. See also Articles 61, 62, 63 and 64, V.A.P. C., which state general penalty provisions applicable to offenses established in other articles throughout the Code.

Article 48, supra, stating the permissible places of confinement, the logical conclusion upon reading it in conjunction with Article 1436e, Sec. 4(d), is that punishment shall be by confinement within the stated term, alternatively at any of the places stated in Article 48. Had punishment been assessed by a jury and their verdict not stated a place of confinement, we would be confronted with a different question. Cf. Johnson v. State, 154 Tex.Cr.R. 383, 227 S.W.2d 824; Milligan v. State, 147 Tex. Cr.R. 78, 178 S.W.2d 524. Here, however, the record reflects that the judge assessed punishment at "three years in the penitentiary."

We do not find the challenged provision to be "so indefinitely framed or of such doubtful construction that it cannot be understood, either from the language in which it is expressed, or from *some other* written law of the State." Art. 6, V.A.P. C. (Emphasis added.)

Appellant further contends that the trial court "unilaterally declared this offense to be a felony offense, contrary to the express provisions of Article 47 of the Texas Penal Code declaring it to be a misdemeanor, if an offense at all." He also urges that, since the offense may be a felony or misdemeanor depending upon whether a defendant is sentenced to the penitentiary or the county jail, the statute is void for making the offense both a felony and a misdemeanor, citing Ex parte Wynn, 158 Tex.Cr.R. 665, 259 S.W.2d 191.

Article 47, supra, in relevant part provides:

"   .   .   .   An offense which may—not must—be punishable by death or by confinement in the penitentiary is a felony; every other offense is a misdemeanor. .   .   . "

■ It has been consistently held that an offense which may be punished by confinement in the penitentiary is a felony even though an offender is actually punished by fine or confinement in the county

jail. See Middleton v. State, Tex.Cr.App., 476 S.W.2d 14, and cases cited therein. In light of what has been stated above, confinement in the penitentiary being a permissible punishment, the offense in question is a felony, not a misdemeanor.

*Wynn,* supra, is not in point. The statute there under consideration was held void because the caption recited the offense was "a felony or a misdemeanor." Such language, it was held, denominated the offense both a felony and a misdemeanor. No such defect exists in the caption or body of the challenged statute.

The motion for rehearing is denied.

ONION, P. J., dissents.