**John Louis COONEY, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 08–89–00369–CR.

Court of Appeals of Texas,
El Paso.

Jan. 9, 1991.

Rehearing Overruled Feb. 6, 1991.

Susan Larsen, El Paso, for appellant.

Steve W. Simmons, Dist. Atty. of El Paso County, El Paso, for appellee.

Before OSBORN, C.J., and FULLER and WOODARD, JJ.

## OPINION

OSBORN, Chief Justice.

This is an appeal from a conviction for sexual assault on a seven-year-old child. The jury assessed punishment, enhanced by one prior felony conviction, at imprisonment for sixty years and a fine of $10,-000.00. We affirm.

■ Point of Error No. Three asserts that the lower court erred in finding the seven-year-old child competent to testify under Tex.R.Crim.Evid. 601(a)(2). The issue was not preserved for appellate review. Appellant requested that the court examine the child for competency, but expressed no complaint or objection to the trial court's finding. *Franco v. State*, 492 S.W.2d 534 (Tex.Crim.App.1973); *Lujan v. State*, 626 S.W.2d 854 (Tex.App.—San Antonio 1981, PDRR). Point of Error No. Three is overruled.

Point of Error No. Four challenges the sufficiency of the evidence, disregarding the child's testimony. The point is contingent upon a sustaining of the competency complaint, which we have overruled. Even if the competency point had been sustained, this sufficiency point, as argued, could not be entertained on appeal under *Bass v. State*, 732 S.W.2d 632 (Tex.Crim.App.1987). Point of Error No. Four is overruled.

Points of Error Nos. One and Two challenge the outcome of a jury trial of Appellant's competency, conducted in advance of the trial on the merits of the indictment. Appellant asserts a denial of due process in forcing him to trial while incompetent. He contends that the trial judge erred in refusing to instruct a verdict of incompetency in that there was *no evidence* to support the jury's negative verdict. This Court considered sufficiency of the evidence with regard to competency in *Schuessler v. State*, 647 S.W.2d 742 (Tex.App.—El Paso 1983), rev'd, 719 S.W.2d 320 (Tex.Crim.App. 1986) and in *Meraz v. State*, 714 S.W.2d 108 (Tex.App.—El Paso 1986), aff'd, 785 S.W.2d 146 (Tex.Crim.App.1990).

We turn first to the appellate standard of review applicable in this case. That standard is a function of four elements: (1) the placement of the burden of proof in the trial court; (2) the degree of proof required; (3) the jury's decision for or against the party with the burden; and (4) the type of sufficiency challenge raised on appeal. In *Schuessler* and *Meraz*, the first three elements were the same as in the case before us now. In the trial courts,

those defendants bore the burden of proof by a preponderance of the evidence on either competency or insanity as a defense, and the juries rejected the defense positions. The present case, however, differs with regard to the point of error raised on appeal. In *Schuessler* and *Meraz*, the defendants were presenting what is normally referred to on the civil side of the docket as factual insufficiency of the evidence complaints, conceding the presentation of some evidence on both sides of the issue, but contending that the jury verdict was so contrary to the great weight and preponderance of defense evidence as to be manifestly wrong and unjust. Appellant in this case is presenting a legal insufficiency challenge contending that the only evidence presented favored incompetency, that there was no evidence to the contrary and that the fact of incompetency was proven as a matter of law, not subject to jury assessment.

The existence of two degrees of appellate evidentiary complaint, with their differing concepts of error and their differing appellate procedures, is an elementary, fundamental proposition in civil cases, yet historically alien to the criminal docket. There is, however, no legal or logical basis for excluding such a dual approach in criminal cases. We referred to the distinction in our opinion in *Schuessler*, 647 S.W.2d at 748–749. In rejecting our analysis in that case, and applying a modified standard of review under *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), albeit indirectly by reference to *Van Guilder v. State*, 709 S.W.2d 178 (Tex. Crim.App.1985), *cert. denied*, 476 U.S. 1169, 106 S.Ct. 2891, 90 L.Ed.2d 978 (1986), the Court of Criminal Appeals attempted to maintain a "single standard" of appellate review for sufficiency of the evidence challenges, modifying its application only slightly when dealing with an affirmative defense or other issue upon which the defense bears the burden of proof.

In any event, our suggestion that two degrees of appellate evidentiary complaint are applicable in criminal cases is not inconsistent with any of the state or federal authority relied upon in *Schuessler*, *Van*

*Guilder* and *Meraz*. The only policy favoring a preclusion of such analysis arises from an unspoken preference on the part of primarily criminal bench and bar for the relatively cleaner lines and discernible horizons of traditional criminal procedure. That is an attitude which we admittedly share to some extent, but which as suggested above, should not be adhered to with a rigidity which is injurious to legal and logical integrity.

Furthermore, acceptance of the two degrees of appellate evidentiary challenge cannot be faulted as inherently favoring either affirmance or reversal, State or defendant. As reflected in the cited cases, such a procedure is outcome-neutral. Additionally, in avoiding a rigid historical devotion to compartmentalized criminal analysis, we are not suggesting a desperate wholesale, strained resort to civil concepts. Our *analogy* to the differing civil appellate complaints as to the sufficiency of the evidence is simply that—an analogy. It stems from a logical consideration of the precise complaint and argument raised on appeal, i.e., recognition of the significance of differing placements of the trial court burden of proof, differing degrees of proof required, differing contentions as to the existence or non-existence of conflicting evidence, differing focus as to the alleged trial error (legal error on the part of the court or fact-finding error on the part of the jury) and differing consequences upon reversal. As reflected in the Court of Criminal Appeals opinion in *Meraz*, acceptance of two degrees of evidentiary challenge in criminal cases does not inherently abridge the required deference which appellate courts must accord to the weight and credibility assessments of the trial court fact finder.

We also do not adopt a rigid civil standard for phrasing points of error. See *O'Neil v. Mack Trucks, Inc.*, 542 S.W.2d 112 (Tex.1976). Here, for instance, Appellant employed a legal insufficiency phrasing ("no evidence") which in civil cases would only be appropriate where the verdict favored the appellee on an issue upon which the appellee bore the burden of

proof. The burden having been upon the Appellant, the jury's adverse finding would have been more appropriately challenged for legal insufficiency as being contrary to a defense fact issue proven "as a matter of law". (Similar to complaints that an accomplice as a matter of law instruction was refused in favor of a factual issue for the jury to decide). Adhering to the still distinct criminal sphere, however, we consider it sufficient that Appellant's complaint is readily identifiable as a legal challenge as opposed to a factual sufficiency challenge. Finally, we do not attempt to adopt the express "scintilla rule" applicable in civil cases.

When a defendant contends on appeal that he met his burden of proof as a matter of law, without evidentiary conflict, the appellate court should review all of the evidence bearing on the issue, in a light most favorable to the verdict, to determine if there was a basis upon which the jury could *rationally* reject the defense contention. Deference is to be accorded the fact finder's unique responsibility and capacity to assess in person the weight and credibility of the evidence. Furthermore, logic dictates that a fact finder's affirmative answer, to be both legal and rational, must be founded upon affirmative evidence. On the other hand, a negative verdict may rationally result from *either* a rejection of weak affirmative evidence *or* overriding negative evidence offered by the opponent. Acceptance of this latter proposition is a necessary check on improper appellate usurpation of the function of the trial court fact finder.

Turning to the instant case, there is no question of ambiguity in the appellate complaint. It clearly does not encompass the factual sufficiency complaints addressed in *Schuessler* and *Meraz*. Appellant refers to judicial error in refusing an instructed verdict. He contends that the only evidence presented favored incompetency. He depicts the evidence as "uncontroverted". *In effect,* he seeks reversal and rendition of an incompetency judgment *as of the time of the previous trial,* conceding remand only to the extent of a new competency trial as of the present time and a new trial on the merits of the indictment. There is no concession of factual dispute, conflicting evidence or irrational balancing of the evidence by the jury. The question before this Court then, given the standard of review analysis described above, is whether or not the evidence as a whole, viewed in a light most favorable to the verdict, provided a rational basis for the jury's conclusion. Faced with a negative finding against the party with the burden of proof, we look not only to opposing evidence offered by the State (obviously not present here), but also to weaknesses in the affirmative evidence of incompetency. A rational negative finding may result from a lack of persuasion, as opposed to independent dissuasion by the State. There is a burden of proof, no burden of disproof; there is a burden of persuasion, but no burden of dissuasion. The party who does not bear the burden may enjoy a favorable verdict through his opponent's lapses. The defense bar frequently reminds juries that the burden of proof is upon the State to establish guilt and that a verdict of not guilty is necessitated upon either a failure of the State's persuasive efforts or prevailing evidence (voluntarily undertaken) of actual innocence. The same is true for issues upon which the defense bears the burden. Phrased another way, if neither side persuades the jury of its position, the party with the burden of proof loses.

In this case, a single psychiatrist had reviewed Appellant's medical records, had conducted a one-hour interview three months prior to the competency trial and had met with Appellant for an unspecified period of time on the morning of trial. The doctor testified that his diagnosis was consistent with Appellant's past medical evaluations—paranoid schizophrenia, possible organic brain syndrome, mild mental retardation and substance abuse. Appellant had obtained a 100% VA disability award due to his mental condition. Posed the statutory definition of incompetency, the doctor gave his opinion that Appellant was incompetent to stand trial under Tex.Code Crim.Pro. Ann. art. 46.02, § 4(a)(1) and (a)(2) (Vernon

Supp.1991). Appellant also testified, but his recorded responses lacked any substantive contribution to resolving the present issue and must be read with recognition of the jury's capacity to evaluate the accompanying demeanor and non-verbal behavior. The entire evidentiary presentation consists of approximately thirty-one pages in the statement of facts, approximately seventeen by the doctor.

By way of ready comparison, the defense presentation in this case does not come close to the evidentiary demonstrations in *Schuessler*, *Van Guilder* and *Meraz*. Here, only a single doctor testified. His initial examination of Appellant related not to criminal law competency determination, but to assessment of disability benefit entitlement. The doctor had access to Appellant's medical records in reaching his diagnosis, but those records were never introduced into evidence. The doctor described paranoid schizophrenia, giving examples of disruptive manifestations, but could give no actual examples in Appellant's case. The doctor admitted that the diagnosis covers a broad spectrum of intensity, from mild to totally incapacitating. In assessing Appellant's position in that spectrum, the doctor stated at one point, "[h]e was functioning well enough in the community." He also indicated that Appellant was in partial remission.

The lack of detail from the medical records and the lack of detailed assessment of the condition as manifesting itself in Appellant's case meant that the jury was essentially being asked to accept the doctor's conclusions without independent assessment of the case-specific bases for such result. *None* of these deficits were present in the cited cases.

We do not say that the noted weaknesses precluded a rational finding of incompetency by the jury. We do say that these limitations in the defense presentation preclude an appellate conclusion that incompetency was established as a matter of law. Only the jury can decide the credibility of a witness and the weight to be given his testimony, and this is so on the issue of sanity. *Madrid v. State*, 595 S.W.2d 106,

118 (Tex.Crim.App.1980). This provides an explanation in the evidentiary record for a rational failure on the part of the jury to be persuaded of Appellant's incompetency.

In keeping with our procedural analysis in *Schuessler*, as well as the limits of the Court of Criminal Appeals' opinion in *Meraz*, we emphasize that this is a legal sufficiency challenge, not subject to the jurisdictional strictures of Article I, Section 6 of the Texas Constitution. Consequently, our resolution of this point of error is not final and is subject to discretionary review by the Court of Criminal Appeals. Points of Error Nos. One and Two are overruled.

The judgment is hereby affirmed.